Ben F. POWELL and J. N. Hendricks, d/b/a
Hendricks & Powell Insurance, Appellants,

v.

Brady NARRIED, Appellee.

No. 6132.

Court of Civil Appeals of Texas,
El Paso.

Jan. 27, 1971.

Rehearing Denied Feb. 17, 1971.

**44**

Edwards, Belk, Hunter & Kerr, Eugene T. Edwards, El Paso, for appellants.

John H. Whitaker, Malcolm McGregor, Philip T. Cole, El Paso, for appellee.

OPINION

WARD, Justice.

Recovery was obtained by workman for injuries sustained in the course of his employment and against his employer on common-law liability of negligence. The non-subscribing workman's compensation employer, by third-party action, recovered for all damages sustained in this action against his insurance brokers upon various grounds of negligence relating to their failure to procure workmen's compensation insurance coverage. The brokers having appealed, we affirm the judgment of the trial court as herein modified.

On May 18, 1967 Brady Narried, who was in the automobile salvage business, secured a contract for the dismantling of a large feed mixing mill with the right to sell the dismantled equipment and machinery as salvage. For some fifteen years Mr. Narried had done business with Hendricks & Powell Insurance, a local insurance agency, and the third-party defendants herein. Though Mr. Narried had never carried workmen's compensation insurance before, due to the high risk in his type of business, he did want coverage for his employees in the dismantling of the feed mill, since he felt the job was out of his regular line of work. According to Mr. Narried, on May 19th or 20th, and within a day or two of securing the contract, he called Mr. Ben Powell on the telephone and requested the workmen's compensation coverage, and Mr. Powell told him to go ahead with the work as he was covered. In prior insurance dealings when Mr. Narried had secured insurance coverage, he had generally ordered insurance over the telephone and did not pay for the coverage until he was billed by his agents. In this case the insurance agency billed Narried for the workmen's compensation premiums on June 30, 1967, and the invoice was paid by Narried on July 5, 1967. On June 27th Jesus Holguin, an employee for Mr. Narried and working on the dismantling job, was severely injured in the course of his employment. It was not until some time after July 5th that Narried first learned that he had no workmen's compensation coverage.

Trial was to a jury which, in answer to special issues, found that Narried failed to provide his employee, Holguin, with a reasonably safe place in which to work; that he failed to provide an adequate support for the tubing upon which Holguin was working; that each of these failures was negligence and proximate cause of the injuries received by Holguin. The jury also found that Mr. Powell represented to Narried that he was covered by workmen's compensation insurance prior to Holguin's accident and that such representation was negligence and the proximate cause of Narried's being engaged as an employer without workmen's compensation insurance. In addition, they found that Powell failed to advise Narried that he had been unable to obtain the insurance, and that such failure was negligence and was a proximate cause of Narried's being engaged as an employer without workmen's compensation insurance

coverage; that Powell failed to obtain workmen's compensation insurance for Narried prior to the injuries to Holguin; that such failure was negligence and a proximate cause of Brady Narried being engaged as an employer without workmen's compensation insurance. The jury further found that a reasonable attorney's fee for the representation of Brady Narried in this case was $2,200.00, and that the sum of $50,000.00 would be the amount that would reasonably compensate Holguin for the injuries suffered by him; and that the reasonable charge for the medical services incurred by Holguin was $1,000.00. Judgment was entered on the verdict in favor of Holguin against Narried in the sum of $51,000.00, and in favor of Narried against the third-party defendants, Powell and Hendricks, in the sum of $53,200.00. Immediately, remittiturs were filed by Holguin and Narried for certain small items relating to the medical expense in the amount of $538.00 and to the attorney's fees in the amount of $200.00.

■ The rule seems to be settled that if an insurance agent or broker, with a view toward being compensated, undertakes to procure insurance for another and, through fault or neglect, fails to do so, he will be held liable for any damage that results thereby. The failure of an agent or broker, even after the exercise of reasonable diligence to procure insurance, to notify the insured of the agent's inability to obtain insurance, will likewise impose liability upon him. Burroughs v. Bunch, 210 S.W. 2d 211 (Tex.Civ.App., El Paso 1948, wr. ref.); Gibbs v. Allstate Insurance Company, 386 S.W.2d 606 (Tex.Civ.App., Ft. Worth 1965, wr. ref., n. r. e.); Scott v. Conner, 403 S.W.2d 453 (Tex.Civ.App., Beaumont 1966); 29 A.L.R.2d 171. Obviously, then, an insurance agent has a duty to his client not to advise the client that he is covered by insurance if he is, in fact, not so covered. The suit is not upon any oral contract of insurance. It is a negligence action. The mere fact that workmen's compensation coverage on only part of Narried's business could not be obtained was no defense to the theory of this action. If it could not be obtained after the agent had undertaken to procure the insurance, the failure of the agent to notify the insured of his inability was actionable. Certainly his misrepresentation was actionable. The trial court was correct in overruling the motion for an instructed verdict.

In the course of the dismantling of the feed mill, two large feed bins or tubes, together with their attached metal supporting columns, had been placed on the ground. Holguin was in the process of cutting the supporting columns away from the bins with a torch and Narried had placed a cable from a winch truck around the bins in order to hold the bins firmly in the air and suspended after the support columns were cut loose. When Holguin cut the last strip or supporting column loose, the large bins moved forward and struck him in the back, as the supporting cable had not been properly balanced when it was placed around the bins.

■ Special Issue No. 2 inquired of the jury whether Narried failed to provide Holguin with a reasonably safe place in which to work on the occasion in question. The jury's answer to this question, together with the related issues regarding negligence and proximate cause, was only one group of two groups that furnished the ground for imposing liability upon Narried. The appellants objected to the submission of Special Issue No. 2 on the ground that it was entirely too broad, was a global submission of the issue and, furthermore, called for a mere conclusion.

We believe the objection to the broad submission was good, and the court was probably in error in the submission over the objection, particularly where a specific act was relied upon as inquired about in Special Issue No. 5, hereinafter discussed. Kainer v. Walker, 377 S.W.2d 613 (Tex. 1964); Jack Cane Corporation v. Gonzalez, 410 S.W.2d 953 (Tex.Civ.App., San Antonio 1967, n. w. h.). The present case is

distinguished from Prewitt v. Waller, 423 S.W.2d 641 (Tex.Civ.App., Dallas 1967, n. w. h.), where no objection was made to the identical submission. But the error, if any, in the method of submission does not require a reversal of the trial court's judgment, as the judgment can rest on the jury's answers to the submission of the specific issues centered around Special Issue No. 5. Rule 434, Texas Rules of Civil Procedure, is applicable, McDonald Texas Civil Practice, Vol. 3, § 12.37.2.

■ The appellants objected to the submission of Special Issue No. 5, inquiring if Narried had failed to provide adequate support for the tubing upon which Holguin was working on the occasion in question, on the ground that it was misleading and the evidence showed that there was adequate support for the tubing. We cannot agree, as the evidence showed that when the supports were cut away, the cable supporting the tubing, being improperly placed, caused the tube or bin to drop, or sway, and strike Holguin. We fail to see how the question was misleading, and if we are in error it was the appellants' duty to point out distinctly as to how it was misleading. Rule 274, T.R.C.P.

■ The appellants further objected to the submission by the court of the issue of a reasonable attorney's fee for the attorney of Brady Narried. Unless provided by statute or by contract · of the parties, attorney's fees incurred by a party to litigation are not recoverable against an adversary, either in tort .or in a suit upon a contract. Turner v. Turner, 385 S.W.2d 230 (Tex.1964). However, where the natural and proximate consequence of a wrongful act has been· to involve a plaintiff in litigation with others, there may, as a general rule, be a recovery in damages of the reasonable expenses incurred in such prior litigation, against the author of such act, including the compensation for attorney's fees; but such expenses must be the natural and proximate consequences of the injury complained of and must have been

incurred necessarily and in good faith, and the amount thereof must be reasonable. See annotation, 45 A.L.R.2d 1185. The testimony on attorney's fee in the present case all relates to the present action. A reading of the Statement of Facts reflects that little defense, if any, was made by Narried to the action of Holguin, but that the greater part of the investigation and testimony in the case concerned the liability of the insurance agents to Narried. No attempt at any break-down was made, and there is no testimony as to the amount of any attorney's fee being charged Narried for that portion relating only to the defense of Holguin's suit; nor is any testimony produced as to whether or not this was reasonable or necessary. Further, as stated in the Turner case, supra, the requisite of a prior action is missing; nor is the requisite met by cross-action of Narried against the insurance agents for his attorney's fees. Therefore, that part of the judgment which permits the recovery by Narried of any attorney's fees is reversed, and the judgment will be so reformed in that regard.

The appellants' primary defense to the cross-action of Narried was to the effect that the first inquiry concerning the obtaining of workmen's compensation insurance coverage was not made by Narried until June 20, 1967. That the agent immediately inquired as to possible coverage through three other general agencies and determined that coverage could not be obtained. That on June 26th he had Mr. Narried apply by written application to the Texas Workmen's Compensation Assigned Risk Pool in Austin for his necessary coverage. That though the application signed by Mr. Narried and the necessary bank money order were mailed on June 26th, the accident occurred before the Assigned Risk application could possibly be processed. To this defense, Mr. Narried offered proof that this written application purportedly signed by Mr. Narried was a forgery; that dates on covering letters to the Assigned Risk Pool had been changed, and that the actual bank money order executed by the

bank had not been issued until June 29th, some two days after Holguin's accident.

■ As defensive matter, appellants presented and requested the submission of a charge inquiring of the jury if the application to the Assigned Risk Pool had been signed by Narried. Such an issue as to who signed the application was evidentiary and not controlling, and the trial court committed no error in refusing the submission of the issue. Rule 279, Texas Rules of Civil Procedure.

■ Complaint is made that the jury's answer to the damage issue, in the amount of $50,000.00, was so contrary to the great and overwhelming weight of the evidence as to be clearly wrong and unjust, and was excessive. The trial court permitted the jury, in answer to the question, to consider past and future physical pain and mental anguish, loss of earnings in the past, and loss of earning capacity in the future. A consideration of the entire record on the subject shows that Holguin, an uneducated, healthy, 35-year-old workman with a life expectancy of 34.5 years, suffered a severe compression fracture of the eleventh and twelfth dorsal vertebrae. He received emergency treatment and was fitted with a back brace which he wore continuously for five or six months. He remained in bed for two weeks and was off work for some four months. He returned to his same job at the auto wrecking yard, but has not been able to do any heavy work and uses the other men to carry the heavy parts. Although he has improved, his condition has stabilized and has remained the same for a year before trial. The testimony shows that a compression fracture of this nature is impossible to correct. The only hope is to stabilize it and, if anything, the condition will worsen with time. Holguin experienced severe pain following the accident and continues to experience pain after excessive work, while any twisting makes him ill with pain for two or three days. He complains of pain frequently, and after a full days' work his wife has to rub him with ointments, all of which, from a medical point of view, is reasonable and will continue. His personality has changed and he is irritable. He has worked at his same position since returning and is satisfied that he can continue at the yard with his present routine. He has received a five cents an hour raise since returning to work, and now makes $1.70 per hour. We think the evidence is amply sufficient to support the recovery. There is no formula for the exact measurement of pecuniary compensation for physical pain and mental anguish, and it is a matter for the jury, which will not be interfered with when there is substantial evidence to support the jury finding. Robinson v. Ashner, Tex.Civ.App., 357 S.W.2d 611, aff'd. 364 S.W.2d 223 (Tex.1963). Further, based upon the whole record we cannot say the amount awarded by the jury is unreasonable, and we hold, therefore, that it is not excessive. Port Terminal Railroad Association v. Macaluso, 450 S.W.2d 873 (Tex.Civ.App., Houston 1970).

We have carefully examined the appellants' remaining points and find they are without merit, and they are all overruled.

The trial court's judgment is therefore reformed only to the extent of eliminating therefrom the award of damages as attorney's fees in favor of Narried against the third-party defendants, Ben F. Powell and J. N. Hendricks, in the amount of $2,000.-00 with interest thereon. As so reformed, the judgment of the trial court is affirmed.

RAMSEY, C. J., not sitting.