**BAJA ENERGY, INC., Appellant,**

v.

**Chris BALL d/b/a Ball Oil Field Service, Appellee.**

**No. 11–83–247–CV.**

Court of Appeals of Texas, Eastland.

April 5, 1984.

Don M. Connally, Norvell & Connally, Abilene, for appellant.

W.H. Hoffmann, Jr., Hoffmann & Seibert, Eastland, for appellee.

RALEIGH BROWN, Justice.

This is an appeal from the granting as damages of third party litigation expenses which included attorney's fees and loss of time. We reverse and remand.

Baja Energy, Inc., was the operator of an oil and gas lease located in Eastland County. The record owner of the lease was ACR Exploration, Inc. In October 1980, Baja entered into a letter contract with Chris Ball d/b/a Ball Oil Field Service to plug the Stephans #1 well on the subject lease, for which Ball would receive all casing recovered and the braden head as payment. The contract contained Baja's warranty that it was the owner of the well and would defend title to same, and provided no time limit for completion of the plugging.

In February 1981, ACR assigned the well to Don S. Schaefer. The assignment was not immediately recorded. Baja contends that it telephoned Ball's office to cancel the plugging contract prior to the assignment. However, Ball denies receiving a call, and contends that during the time of the alleged calls the location of his office had been moved, so that any calls made were to an incorrect telephone number. Thus, Ball contends that he had neither constructive nor actual notice of the assignment prior to plugging the well. On April 15, 1981, Ball plugged the well and removed the personal property and equipment. The next day, following completion of the plugging, the assignment from ACR to Schaefer was recorded in the Eastland County Clerk's Office, and Schaefer contacted Ball to inform him that he was the owner of the subject lease and well. Thereafter, Ball contacted Baja at which time Ball contends that he was first notified by Baja of the assignment.

Schaefer sued Ball for trespass and conversion, and sued Baja as co-defendant for breach of warranty due to the plugging of his well and removal of the personal prop-

erty. Ball filed a third-party action against Baja for contribution and indemnity for any recovery Schaefer might have against Ball, as well as for costs and expenses of defending the suit brought by Schaefer as damages for Baja's unilateral rescission of the plugging contract. At the close of evidence by Schaefer, the court granted Ball's motion for instructed verdict and entered judgment that Schaefer take nothing against Ball and Baja. In addition, the judgment awarded Ball $5,000 in damages against Baja for his litigation expenses, including attorney's fees and loss of time in defending the action by Schaefer. That portion of the trial court's judgment granting Ball and Baja a take-nothing judgment was not appealed. Only the portion of the judgment relating to Ball's third-party action against Baja is before us.

In its only point of error, Baja contends that the trial court erred in awarding Ball $5,000 as damages for third-party litigation expenses which included attorney's fees and costs of defending suit. He argues that there is no authorized basis for such a recovery, and that the evidence does not support recovery of such amount. Although such point is multifarious, we shall consider same. See *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (Tex. 1943).

In its findings of fact the court found that: (1) Ball plugged the subject well in compliance with the contract; (2) ACR Exploration, Inc., *through its operator Baja*, assigned the lease and well prior to the plugging; (3) Ball had neither actual nor constructive notice prior to the plugging; (4) Ball's expenses as damages of defending the lawsuit amounted to $5,000.00; and (5) Ball's damages were a direct and proximate result of his good faith compliance with the contract. (Emphasis added) In its conclusions of law the court stated that: (1) the contract was legally binding and obligated Ball to plug the subject well; (2) Ball acted in good faith and with clean hands in fulfilling the terms of the contract; and (3) under usages and principles of equity Ball was entitled to recover $5,000 from Baja, such amount represent-

ing the amount of damages sustained by Ball in defending the suit.

Baja argues that the record contains no pleading or proof to support recovery of $5,000 as attorney's fees and loss of time as part of the expenses of litigation under either statute or contract. Ball does not assert that he is entitled to the recovery under statutory or contractual provisions; rather, he relies upon the "usages and principles of equity" as support for such recovery.

■ The general rule in Texas is that expenses incurred in prosecuting or defending a suit are not recoverable as costs or damages unless recovery for such items is expressly provided for by contract or statutory provision. *New Amsterdam Casualty Company v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967); *Whitten v. Alling & Cory Company*, 526 S.W.2d 245 (Tex. Civ.App.—Tyler 1975, writ ref'd). A recovery of attorney's fees based upon equitable principles, however, can exist. Attorney's fees have been granted based upon the equitable principle of the common fund doctrine. *Knebel v. Capital National Bank in Austin*, 518 S.W.2d 795, 799 (Tex.1974). *Knebel*, supra, quotes from *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973):

Although the traditional American rule ordinarily disfavors the allowance of attorneys' fees in the absence of statutory or contractual authorization, federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require. Indeed the power to award such fees "is part of the original authority of the chancellor to do equity in a particular situation," *Sprague v. Ticonic National Bank*, 307 U.S. 161, 166, 83 L.Ed. 1184, 59 S.Ct. 777 [780] (1939), and federal courts do not hesitate to exercise this inherent equitable power whenever "overriding considerations indicate the need for such a recovery." *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391–392, 24 L.Ed.2d 593, 90 S.Ct. 616 [625–

626] (1970); see *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 18 L.Ed.2d 475, 87 S.Ct. 1404 [1407] (1967).

Courts have also allowed recovery for attorney's fees and other litigation expenses of a previous suit where a party was required to prosecute or defend the previous suit as a consequence of the "wrongful act" of the defendant. *Wilshire Oil Company of Texas v. Riffe*, 409 F.2d 1277, 1285 (10th Cir.1969).

Although we find no Texas case ruling on the question of third-party litigation expenses as an element of damages in a breach of contract case, other states have generally recognized such right of recovery. *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 124 Ariz. 242, 603 P.2d 513 (Ariz.App.1979); *Milohnich v. First Nat. Bank*, 224 So.2d 759 (Fla.App.1969); *Baxter's Asphalt & Concrete, Inc. v. Liberty County*, 406 So.2d 461 (Fla.App.1981); *Williams v. Struble*, 160 Ga.App. 196, 290 S.E.2d 538 (1982); *Peters v. Lyons*, 168 N.W.2d 759 (Iowa 1969); *Wilshire Oil Co. v. Riffe*, 409 F.2d 1277 (10th Cir.1969); *Oppenhuizen v. Wennersten*, 2 Mich.App. 288, 139 N.W.2d 765 (1966); *Morrison v. Swenson*, 274 Minn. 127, 142 N.W.2d 640 (1966); *Conway v. Samet*, 59 Misc.2d 666, 300 N.Y.S.2d 243 (1969); *Safway Rental & Sales Co. v. Albina Engine & Machine Works, Inc.*, 343 F.2d 129 (10th Cir.1965); *Addy v. Bolton*, 257 S.C. 28, 183 S.E.2d 708 (S.C.1971); *Albright v. Fish*, 138 Vt. 585, 422 A.2d 250 (1980); *Owen v. Shelton*, 221 Va. 1051, 277 S.E.2d 189 (1981); *Cedarburg Light & Water Com. v. Glens Falls Ins. Co.*, 42 Wis.2d 120, 166 N.W.2d 165 (1969).

The other jurisdictions permit the recovery of attorney's fees and costs of litigation without a specific contractual or statutory provision by recognizing an exception to the general rule. The exception applies when the wrongful act or contractual violation involves the claimant in litigation with third parties and forces the claimant to incur expenses to protect his interests. Such costs and expenses, including attorney's fees, are treated as the legal consequence of the original wrongful act and are permitted to be recovered as damages. See 4 A.L.R.3d 270 (1965). Although not specifically ruling on this issue, the Fifth Circuit stated in *Southern National Bank of Houston v. Crateo, Inc.*, 458 F.2d 688, 696 (5th Cir.1972):

> In the case at bar, we are bound by the *Erie* doctrine to apply the substantive law of the State of Texas. Though no Texas court has yet faced the question of third party litigation expenses as an element of damages in a breach of contract case, the ... parties do not dispute the recoverability of the amounts claimed ... if such are properly established as damages.

■ In the instant case, Ball in good faith fulfilled his legal obligation to plug the well, with neither actual nor constructive notice that the subject lease and well had been assigned to Schaefer prior to the plugging. The trial court found in its findings of fact, which Baja does not challenge, that ACR, through its operator Baja, assigned the lease prior to the plugging. As a direct and proximate cause of Ball's compliance with the plugging contract, Ball was forced to defend an action for trespass and conversion. In the contract between Baja and Ball, Baja warranted that it was the owner of the well and would defend title to same. Baja acted wrongfully in unilaterally rescinding the contract without notice to Ball.

In the instant case Ball would not have been forced to defend the suit for trespass and conversion absent Baja's wrongful act. We hold that Baja's wrongful act authorizes a recovery of litigation expenses including attorney's fees and loss of time upon a basis of usages and principles of equity.

■ Appellant further alleges in its point of error that the evidence does not establish a recovery in the amount of $5,000. The thrust of this complaint by appellant is that there is no proof as to the reasonableness of the litigation expenses. We agree. Ball testified at trial that he

had to hire an attorney to defend the suit for trespass and conversion, make telephone calls and travel to the Railroad Commission office, thus involving a loss of his time. He further testified that his damages as a result of the lawsuit brought by Schaefer, resulting from Ball's contract with Baja, amounted to $5,000. There is no testimony as to the reasonableness of such.

Texas courts hold that when a party is entitled to recover attorney's fees but the reasonability of attorney's fees has not been established, the claim for attorney's fees may be remanded to the trial court. *Woods Exploration and Producing Company, Inc. v. Arkla Equipment Company,* 528 S.W.2d 568 (Tex.1975); *Great American Reserve Insurance Company v. Britton,* 406 S.W.2d 901 (Tex.1966).

The judgment of the trial court is reversed insofar as it awarded $5,000 to Chris Ball for litigation expenses, and that claim is remanded for proper proof as to the amount of litigation expenses which were reasonable and necessary.