NATIONWIDE MUTUAL INSURANCE COMPANY d/b/a Nationwide Insurance Company, Appellant,

v.

Peter F. HOLMES, Appellee.

No. 04–91–00263–CV.

Court of Appeals of Texas, San Antonio.

Oct. 28, 1992.

Rehearing Denied Dec. 10, 1992.

Melvin A. Krenek, Melvin A. Krenek & Associates, San Antonio, for appellant.

R. Wes Johnson, Michael A. Chovanec, Chovanec & Johnson, Inc., San Antonio, for appellee.

Before REEVES, C.J., and BUTTS and GARCIA, JJ.

## OPINION

REEVES, Chief Justice.

This appeal challenges a judgment against an insurance company that is based on a *Stowers*[1] cause of action and the Deceptive Trade Practices Act (DTPA).

The appellee asserts in a cross-point that the trial court erred by not awarding him mandatory statutory damages under Section 17.50(b)(1) of the DTPA since he was awarded actual damages.

## FACTS

Dr. Peter Holmes, appellee, had a traffic accident in Houston with Jimmy Matheny on April 3, 1985. The appellee hit the Matheny vehicle when the car in front of

**1.** *G.A. Stowers Furniture Co. v. American Indemnity Co.,* 15 S.W.2d 544 (Tex.Comm'n App.1929, holding approved).

him stopped suddenly. Jimmy Matheny's wife, Glenda Matheny, was a passenger and was injured. Property damage to appellee's car was under $500.00 while the property damage to appellant's car was $672.68. The appellee had car insurance with Nationwide Insurance Company (Nationwide) at the time of the car accident, with a liability limit of $100,000.00 per person and $300,000.00 per occurrence.

Glenda Matheny sued the appellee and served him with notice mid-September 1986 (*Matheny* lawsuit). Matheny alleged that she suffered a whiplash type injury and temporomandibular joint dysfunction (TMJ) from the car accident. Nationwide's attorney, Tim Tunks, responded to the lawsuit on behalf of Holmes.

One week before trial, Tunks advised Holmes that he was negligent and there was a substantial possibility that he could receive a verdict above the policy limits. This evaluation was based on the fact that several doctors confirmed that Matheny's TMJ resulted from the accident. Additionally, Tunks received an economist's report that estimated Matheny's economic damages at $115,000.00 in addition to $10,000.00–$30,000.00 worth of pain and suffering damages. Tunks advised Holmes that Nationwide was not going to settle and advised him to hire a lawyer.

Taking Tunks' advice, Holmes hired an attorney to negotiate either a settlement within his policy limits or an indemnification for damages in excess of his policy limits. The fee agreement was as follows: (1) $2500.00 for handling pre-trial negotiations; and (2) $7500.00 if Nationwide refused to settle or indemnify Holmes before the first day of trial. The reason for the second part of the fee schedule was that the attorney would have to travel from San Antonio to Houston for the trial.

The Friday before trial, Matheny made a $92,500.00 settlement offer which was within policy limits. The next day Nationwide's Claims Attorney, Tunks, appellee's attorney, and the appellee had a telephone conference. The Claims Attorney was aware of the following things: (1) the Matheny settlement offer was within policy limits; (2) Tunks, the attorney hired by Nationwide, recommended that the lawsuit be settled for between $90,000.00 and $100,000.00; (3) liability was probable; (4) Holmes would incur an additional $7500.00 in attorney fees if the case went to trial; and (5) Holmes wanted the case settled for $92,500.00. Also, the Claims Attorney opined that the suit should be settled for an amount up to $100,000.00 but refused to settle for $92,500.00 because the Nationwide Claims Manager would not authorize the settlement. Additionally, the Claims Manager would not indemnify Holmes for any excess judgment. The Claims Attorney stated that if the judgment was more than $104,000.00 or $105,000.00 then Nationwide would pay bankruptcy costs for the appellee. Alternatively, Nationwide suggested that Holmes pay the difference between what they were willing to pay ($75,000.00) and the $92,500.00 settlement offer. The Claims Attorney had Tunks ask the plaintiff whether she would be interested in a $80,000.00 settlement with a $14,000.00 future medical option. The plaintiff rejected this idea. Throughout pre-trial discovery, there were several settlement demands which were not presented to the appellee.

The Claims Attorney sent Holmes a letter confirming the telephone conference. He also reiterated Nationwide's refusal to settle or indemnify Holmes but agreed to pay for the costs and expenses of a bankruptcy proceeding, at Nationwide's option, in the event of an adverse judgment in excess of his policy limits. That same day, a Nationwide Claims Attorney from Columbus, Ohio told the Houston Claims Attorney that Nationwide would indemnify Holmes. Holmes was not informed of this decision.

The *Matheny* lawsuit went to trial and Holmes incurred $7500.00 in attorney fees. If the case had settled or Holmes had been notified of Nationwide's decision to indemnify him before the first day of trial, he would not have incurred the $7500.00 legal fee. Nationwide notified the appellee in writing during opening statements that they would indemnify him for any exces-

sive judgment. Thus, even though Nationwide had decided to indemnify Holmes the Saturday before trial, it failed to tell him until the trial commenced. Consequently, Holmes incurred $7500.00 of unnecessary legal fees.

After a four day trial, Holmes was found not liable.[2]

The appellee then filed this lawsuit against Nationwide under the *Stowers* doctrine for negligent failure to settle within policy limits and for unconscionable acts under the DTPA. The jury found affirmatively on the following jury questions: (1) Nationwide's refusal to settle the *Matheny* lawsuit against Peter Holmes prior to the first day of trial was negligence which was a proximate cause of damages to him; (2) such negligence was gross negligence; (5) Nationwide engaged in an unconscionable action or course of action which was a producing cause of damages to appellee; (7) appellee was entitled to damages of $7500.00 which were the reasonable and necessary attorney's fees for legal services in the *Matheny* trial; (8) appellee was entitled to $10,000.00 exemplary damages; appellee was entitled to the following legal fees: $15,000.00 for preparation of trial of *Nationwide* lawsuit, $5,000.00 if appealed to Court of Appeals, $7500.00 if making or responding to application for writ of error to Texas Supreme Court, and $2500.00 if writ of error granted by Texas Supreme Court.

We rule first upon appellant's second point of error: whether the appellant's breach of his duty to exercise due care and diligence was, as a matter of law, the proximate cause of appellee's damages.

During pre-trial proceedings, the appellee was counseled by his attorney, who was hired by Nationwide, that an excess judgment was likely and that he should retain, on his own, an attorney to represent him for any excess judgment. A telephone conference was held the Saturday before trial

between Nationwide, the appellee, and his attorney. Nationwide was informed that the appellee would incur an additional $7500.00 in attorney fees if either the case was not settled before trial or Nationwide would not agree to indemnify the appellee before trial. Nationwide knew that very day that they would indemnify the appellee but did not inform the appellee until the opening statements of the trial. Consequently, the appellee incurred $7500.00 of unnecessary legal fees.

The jury found the following things: (1) Nationwide was negligent for refusing to settle Matheny's claim against the appellee prior to the first day of trial; (2) Nationwide's negligence proximately caused appellee to suffer damages; and (3) appellee's damages were $7500.00 he expended for attorneys' fees that he incurred during the Matheny trial.

Appellee's theory of recovery was based partially on the cause of action recognized in *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm'n App.1929, holding approved). The *Stowers* court recognized the existence of a negligence cause of action against insurance companies based on the agency relationship. The court held that when an insurance company contracts to act as the exclusive and absolute agent of the insured in all matters pertaining to litigation,

> it ought to be held to that degree of care and diligence which an ordinarily prudent person would exercise in the management of his own business; and if an ordinarily prudent person, in the exercise of ordinary care, as viewed from the standpoint of the assured, would have settled the case, and failed or refused to do so, then the agent, which in this case is the indemnity company, should respond in damages.

*Stowers*, 15 S.W.2d at 547.

■ As a matter of law, Nationwide's refusal to settle Matheny's claim before the

---

**2.** Nationwide, however, was sanctioned $10,-000.00 for discovery abuse for failing to produce pictures prior to trial; Nationwide presented the pictures on the last day of trial. Holmes was distressed by Nationwide's discovery abuse be-

cause Tunks told him that this conduct could be reversible error which could lead to another trial. Matheny appealed but the case was settled before submission.

first day of trial was not negligence and did not proximately cause the appellee $7500.00 unnecessary legal fees. Nationwide's refusal to settle caused no damages since the jury found Holmes not liable. Instead Nationwide's failure to inform the appellee that he was indemnified until after the trial began is what proximately caused appellee's damages. If Nationwide was negligent, it was because the company failed to inform Holmes before trial that he was indemnified. Therefore, as a matter of law, the trial court erred when it granted appellee a judgment based on jury question one; appellant's motion for judgment n.o.v. should have been sustained as to this jury finding. Appellant's second point of error is sustained.

Because we sustained appellant's second point of error, we do not consider its first point of error concerning whether an adverse judgment in excess of an insured's policy limit (excess judgment) in an underlying lawsuit is an essential element of a *Stowers* cause of action.

### EXEMPLARY DAMAGES

The appellant asserts that, as a matter of law, the appellee was not entitled to exemplary damages of $10,000.00 because he was not entitled to recover actual damages.

■ A plaintiff cannot recover exemplary damages until he proves an entitlement to actual damages. *Wright v. Gifford–Hill & Co.*, 725 S.W.2d 712, 714 (Tex.1987); *Nabours v. Longview Savings & Loan Ass'n*, 700 S.W.2d 901, 903 (Tex.1985). We have ruled that the appellee is not entitled to actual damages. Therefore, it follows that he is not entitled to exemplary damages for gross negligence.

### UNCONSCIONABLE CONDUCT AND SUFFICIENCY OF THE EVIDENCE

Appellant has two complaints about the jury finding that it participated in unconscionable conduct: (1) it was entitled to a motion for directed verdict or a judgment non obstante veredicto because there were no damages proved as a matter of law; and (2) there was no evidence or insufficient

evidence to support the jury's answer to question number 5.

■ In reviewing the appellant's no evidence points of error, we will consider only the evidence and inferences that tend to support the trial court's finding while disregarding all evidence and inferences to the contrary. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987); *Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 593 (Tex.1986), *cert. denied*, —— U.S. ——, 111 S.Ct. 135, 112 L.Ed.2d 102 (1990); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In considering appellant's factual sufficiency points, we will consider and weigh all the evidence and reverse for a new trial only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust, shocking to the conscience, or clearly demonstrates bias. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

We consider his first complaint. The appellant claims that the trial court erred when it denied their Motion for Directed Verdict or denied their Motion for Judgment non obstante veredicto because there was no evidence to support the jury finding of unconscionable action on the part of the appellant under the Deceptive Trade Practices Act (DTPA). The appellant explains this point further by stating that because there was no excess verdict, the appellee suffered no actual damages. Because actual damages are an essential element of a DTPA cause of action for an unconscionable act, they argued, he had no DTPA cause of action as a matter of law.

■ We disagree with appellant's logic. The appellant argues that the appellee suffered no actual damages because there was no excess verdict. As we explained previously, the appellee suffered actual damages of $7500.00 when Nationwide failed to inform the appellee that he was indemnified until after the trial began. Because the appellee suffered actual damages, his DTPA cause of action for an unconsciona-

ble act is viable. Consequently, appellant's motions for a directed verdict and judgment non obstante veredicto were denied properly.

We consider appellant's second complaint that the trial court erred in rendering judgment for Holmes because there is no evidence or insufficient evidence to support the jury's answers to Questions No. 1, No. 2, and No. 5. We do not concern ourselves with Jury Questions No. 1 and No. 2 because they dealt with the *Stowers* negligence and gross negligence causes of action; these points of error are no longer relevant after we sustained appellant's second point of error. What concerns us is whether there was any evidence or sufficient evidence to support jury Question No. 5 through which the jury found that Nationwide engaged in an unconscionable action or course of action which was a producing cause of damages to the appellee.

■ Unconscionable action or course of action is defined as "an act or practice which, to a person's detriment: (A) takes advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree." TEX.BUS. & COM. CODE ANN. § 17.45(5) (Vernon 1987). We will construe this provision liberally in order to promote its underlying purpose to protect consumers against unconscionable actions. TEX.BUS. & COM.CODE ANN. § 17.44 (Vernon 1987).

Nationwide knew that the appellee would incur an additional personal liability for $7500.00 attorney's fees if his case was not settled or if Nationwide would not agree to indemnify the appellee before trial. While it is true that Nationwide had no contractual obligation to indemnify the appellee, Nationwide decided the Saturday before trial that they would indemnify the appellee. It was unconscionable for Nationwide to withhold the indemnification information when they knew it would cause the appellee to incur $7500.00 of unnecessary legal fees. We find there is sufficient evidence to support the jury's finding of an unconscionable act. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987).

After considering and weighing all the evidence we uphold the finding in Jury Question No. 5. The evidence showed that the appellee hired an attorney on the advice of his Nationwide attorney (Tunks) because it was thought an excess verdict was probable. The goal of Holmes' attorney was to persuade Nationwide to either settle or indemnify the appellee. There was sufficient evidence for the jury to have found that it was unconscionable for Nationwide not to tell the appellee that they would indemnify him when they knew a delay in telling him would cause him to incur unnecessary legal fees.

The appellant argues that it was impossible for the appellee to have been taken advantage of since he was represented by an attorney. We disagree with this contention. Nationwide was informed of the impending legal fees if the appellee was not indemnified by the first trial day. In fact, they advised appellee to seek legal counsel. The decision to indemnify the appellee was wholly within the knowledge of Nationwide. The timing of the release of information concerning whether the appellee would be indemnified was under the total control of Nationwide and the timing is what caused appellee's damages. Thus, the fact that the appellee was represented by counsel had no effect, in this instance, on the fact that the appellee was taken advantage of unfairly.

## DTPA DAMAGES

■ The appellant asserts that there was no evidence or insufficient evidence to support the finding in Jury Question No. 7(a) that awarded as damages reasonable and necessary attorney's fees that were incurred in the *Matheny* lawsuit. Appellant explains that Holmes hired his lawyer for matters concerning his relationship with Nationwide but not to defend him against the *Matheny* lawsuit. Consequently, they allege, damages are inappropriate since they are irrelevant to the *Matheny* defense.

The charge asked the jurors what sum of money would compensate the appellee for "[r]easonable and necessary attorney's fees

for legal services rendered to Peter Holmes by Chovanec & Johnson, Inc. concerning the Matheny trial." It can be inferred from appellant's argument that they think the charge's language · "concerning the Matheny trial" precludes an award since the attorneys' fees were not rendered for the defense of the *Matheny* suit.

We do not agree with appellant. The jury charge attempted to draw the attention of the jury to the attorney fees that appellant incurred to protect his interests during the *Matheny* trial rather than the attorney fees that were incurred in the underlying lawsuit that prosecuted Nationwide for their unconscionable actions. It should not be read narrowly to exclude a damage award on a technical reading. Additionally, Nationwide's attorney, Tunks, suggested that appellee retain counsel to represent his interests for a possible excess verdict. Thus, the attorneys' fees did concern the *Matheny* trial.

The appellant asserts additionally that the appellee is not entitled to attorneys' fees as actual damages since they are not authorized by contract or statute.

"Actual damages" in the DTPA means those recoverable at common law. *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 939 (Tex.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). Generally, unless provided for by statute or by contract between the parties, attorney's fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or by suit upon a contract. *Turner v. Turner*, 385 S.W.2d 230, 233 (Tex.1964). A recovery of attorney's fees based upon equitable principles, however, can exist. *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836, 838 (Tex.App.—Eastland 1984, no writ); *Brandtjen & Kluge, Inc. v. Manney*, 238 S.W.2d 609, 612 (Tex.Civ.App.—Fort Worth 1951, writ ref'd n.r.e.). A recovery of attorneys' fees was upheld on equitable principles under the common fund doctrine. *Knebel v. Capital Nat'l Bank in Austin*, 518 S.W.2d 795 (Tex.1974). In *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836 (Tex. App.—Eastland 1984, no writ) the plaintiff had to defend a trespass and conversion cause of action in a previous lawsuit for plugging a well. The court held that on the basis of usages and principles of equity, the plaintiff was entitled to recover his attorney's fees to defend the prior lawsuit since the expenses were caused by the defendant's wrongful act.

*Baja Energy*, although not directly on point, is analogous to the case at hand. Appellee did not incur legal expenses by defending himself in the *Matheny* lawsuit. Instead he incurred them in trying to persuade Nationwide to either settle the case or indemnify him. Nationwide normally would not be liable for appellee's attorney fees for independent representation. It was, however, wrongful for Nationwide to withhold information from the appellee when they knew that such a delay would cause him to incur additional, unnecessary attorney fees.

Further support of our holding is found in *Powell v. Narried*, 463 S.W.2d 43 (Tex. Civ.App.—El Paso 1971, writ ref'd n.r.e.). The court ultimately denied a recovery of attorney fees because of inadequacies in the record. The court, however, recognized that:

where the natural and proximate consequence of a wrongful act has been to involve a plaintiff in litigation with others, there may, as a general rule, be a recovery in damages of the reasonable expenses incurred in such prior litigation, against the author of such act, including the compensation for attorney's fees; but such expenses must be the natural and proximate consequences of the injury complained of and must have been incurred necessarily and in good faith, and the amount thereof must be reasonable.

*Powell*, 463 S.W.2d at 46. In the case at hand, Nationwide's wrongful act did not lead to litigation between the appellee and a third party. The court in *Powell*, however, recognized that attorneys' fees are recoverable as reasonable expenses when such expenses are the natural and proximate consequences of another's wrongful act. Such is the case here.

The general rule disallowing attorney's fees applies to attorney's fees that are incurred while prosecuting or defending a cause of action. In the case at hand, the attorney's fees were not incurred prosecuting or defending the underlying cause of action. Therefore, this prohibition should not apply. There is nothing sacrosanct about attorney's fees per se that forbids their award as damages. Instead, attorney's fees as damages are disallowed generally because our system of American jurisprudence does not award successful litigants their attorney's fees.

The DTPA is to be construed liberally and applied to promote its underlying purposes, which are to protect consumers against unconscionable actions and to provide efficient and economical procedures to secure such protection. TEX.BUS. & COM. CODE ANN. § 17.44 (Vernon 1987). As stated by the Texas Supreme Court:

> The object of awarding a plaintiff recovery is to compensate for the actual loss sustained as a result of the defendant's conduct. The DTPA embraces this concept by permitting the injured consumer to recover the greatest amount of actual damages alleged and factually established to have been caused by the deceptive practice, including related and reasonably necessary expenses.... The amount of actual damages recoverable under the DTPA is determined by the total loss sustained as a result of the deceptive trade practice.

*Kish v. Van Note*, 692 S.W.2d 463, 466 (Tex.1985).

In the case at hand, the $7500.00 attorney's fees were not incurred by the appellee in defending the underlying suit. Instead, they were incurred to induce Nationwide to indemnify him. Because Nationwide's unconscionable act caused the appellee to incur unnecessary attorney's fees, in order to secure the appellee consumer protection, the award is upheld in the name of equitable principles. The appellee should be compensated for the total loss he sustained. Nationwide should not avoid judgment just because the damages appellee sustained, as a result of Nationwide's un-

conscionable act, happened to be attorney's fees.

In his cross-point, appellee asserts that the trial court erred by not awarding him additional damages representing two times that portion of actual damages not exceeding $1,000.00. The appellee submitted the request in his Motion for Judgment. The trial judge crossed out the paragraph awarding the DTPA statutory damages in his judgment order.

■■■ Under Section 17.50(b)(1) of the DTPA, if actual damages are found, it is mandatory that the court award additional statutory damages in the amount specified. *Martin v. McKee Realtors, Inc.*, 663 S.W.2d 446, 447 (Tex.1984). We upheld the actual damages awarded under the DTPA. Therefore, appellee is entitled to $2,000.00 of statutory damages.

### DTPA ATTORNEY'S FEES

Appellant asserts there was no evidence or insufficient evidence to support the findings of Jury Question No. 10. Appellant's discussion better defines what they mean. They argue that if in fact the appellant was involved in unconscionable conduct, it was not a producing cause of appellee's damages. Therefore, because the appellee was not entitled to actual damages, he was not entitled to recover attorney's fees pursuant to the DTPA statute. Consequently, there was no evidence or insufficient evidence to support the jury's findings in question No. 10.

We have already found that appellant's unconscionable conduct was a producing cause of appellee's damages. Therefore, he was entitled to actual damages and attorney's fees. See TEX.BUS. & COM.CODE ANN. § 17.50 (Vernon 1987 & Supp.1992).

We do not consider appellant's other points of error since they are not dispositive.

The trial court judgment is affirmed in part and reversed and rendered in part. The appellee is not entitled to $10,000.00 in exemplary damages but is entitled to $2,000.00 in DTPA statutory damages. The remaining judgment is affirmed be-

cause it is supported by the DTPA cause of action.