**Reversed and Rendered and Opinion filed April 23, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00199-CV

## STEWART AUTOMOTIVE RESEARCH, LLC, Appellant

## V.

## ERIK NOLTE, BRIAN KIRK, SIMON OGIER AND JOHN TOLLE, Appellees

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-73571**

## O P I N I O N

Appellant Stewart Automotive Research, LLC sued appellees Erik Nolte, Simon Ogier, Brian Kirk, and John Tolle for misappropriation of trade secrets and conversion. In addition, Stewart sought judicial review of the Texas Workforce Commission's determination that Stewart owed Nolte unpaid wages. Stewart subsequently non-suited its claims without prejudice. Appellees then filed a

motion for recovery of attorney fees. The trial court granted the motion and awarded appellees $42,010 in attorneys' fees.

Stewart argues on appeal, among other things, that the trial court's fee award must be reversed because there is no contractual, equitable, or statutory basis for appellees to recover their attorneys' fees in this case. We agree and therefore reverse the award, rendering judgment that appellees take nothing.

## BACKGROUND

Appellant Stewart Automotive Research, LLC sued its former employees, appellees Erik Nolte, Simon Ogier, Brian Kirk, and John Tolle, alleging misappropriation of trade secrets and conversion. Stewart also named the Texas Workforce Commission ("TWC") as a defendant because Stewart sought judicial review of the TWC's determination that Stewart owed Nolte $27,701.97 in unpaid wages.[1]

Appellees filed an answer with a general denial.[2] Almost one year later, appellees filed a traditional and no-evidence summary judgment motion. Stewart then non-suited its claims against all defendants, including appellees, without prejudice.

---

[1] Stewart contends it was only seeking judicial review of Nolte's wage claim and points to the prayer for relief section of its original petition. That section asks for a review and reversal of Nolte's wage claim. It does not mention any wage claims made by the other appellees. Appellees claim that Stewart's petition nonetheless contained facts and argument relating to Kirk's and Ogier's claims, and that this had the effect of tying up those claims in litigation. Appellees argue that if Stewart was not seeking review of Kirk's and Ogier's claims, it should have paid the claims when they became final. We agree with Stewart, however, that its petition only sought review of Nolte's claim. Stewart's failure, if any, to timely pay the wage claims of any appellee is not before us in this case.

[2] The TWC filed its own answer and stated appellees were not represented by the Office of the Attorney General. The TWC is not a party to this appeal.

2

Subsequently, appellees filed a motion for recovery of attorneys' fees. Appellees claimed that Stewart non-suited its claims to avoid an unfavorable ruling and that they were thus entitled to attorneys' fees under *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011), and section 61.066(f) of the Texas Labor Code. Alternatively, appellees argued that they were entitled to attorneys' fees on equitable grounds. Stewart filed a response to appellees' motion, and appellees filed a reply to Stewart's response. In the reply, appellees renewed their previous arguments and advanced a new basis for the award of attorneys' fees. They asserted that trial courts may award attorneys' fees as sanctions when those fees have been incurred for bad-faith abuse of the judicial process.

Following a hearing, the trial court granted appellees' motion. The court found that Stewart "took a nonsuit in this case in order to avoid an unfavorable judgment" and therefore awarded appellees $42,010 in attorneys' fees. This appeal followed.

## ANALYSIS

Stewart challenges the trial court's award of attorneys' fees on three grounds. In its first issue, Stewart argues that Rule 162 of the Texas Rules of Civil Procedure mandates reversal of the trial court's award because appellees had no pending claim for affirmative relief seeking attorneys' fees at the time Stewart non-suited its claims. In its second issue, Stewart asserts there is no contractual, equitable, or statutory basis entitling appellees' to recover attorneys' fees in this case. In its third issue, Stewart asserts it did not non-suit its claims to avoid an unfavorable result. Because we agree that there is no basis for the court's award, we do not address Stewart's first and third issues.

3

## I.  Standard of review and applicable law

Under the American Rule, trial courts have no inherent authority to require a losing party to pay the prevailing party's attorneys' fees. *In re Lesikar*, 285 S.W.3d 577, 582 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001)).  Attorneys' fees are not available to the prevailing party in the absence of an authorizing contract or statute. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006).

Appellees have not asserted that there is a contract entitling them to recover attorneys' fees in this case.  Instead, they have argued both in the trial court and on appeal that that they are entitled to attorneys' fees under section 61.066(f) of the Texas Labor Code.  The availability of attorneys' fees under a particular statute is a question of law. *Holland v. Wal–Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). We therefore review this issue de novo. *Headington Oil Co. v. White*, 287 S.W.3d 204, 215 (Tex. App.—Houston [14th Dist.] 2009, no pet.).  We construe statutory provisions to ascertain and effectuate legislative intent, and we ascertain that intent by first looking to the plain and common meaning of the statute's words. *Tex. Mut. Ins. Co. v. Sonic Sys. Int'l, Inc.*, 214 S.W.3d 469, 476 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).  We must also view a statute's terms in context and give them full effect. *Id.*

## II.  Appellees are not entitled to attorneys' fees under section 61.066(f) of the Labor Code.

Section 61.066(f) of the Labor Code provides: "Unless the adverse party prevails in the civil action or the notice of assessment is reversed by a reviewing court, the adverse party shall pay all costs of either action, including attorney's fees, investigation costs, service costs, court costs, and other applicable costs."

4

Tex. Labor Code Ann. § 61.066(f) (West 2006).[3] Notwithstanding Stewart's non-suit without prejudice, appellees contend they are the prevailing parties under this section, citing *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011). In that case, the Supreme Court of Texas held that a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines—as it did here—that the nonsuit was taken to avoid an unfavorable ruling on the merits. *Id.* at 870.

Stewart responds that even if appellees prevailed, they cannot recover fees under subsection (f) because they are not parties to a civil action brought under section 61.066. To evaluate this argument, we examine the language and structure of the section as a whole. Section 61.066 is entitled "Commission Action; Enforcement Order." Tex. Labor Code Ann. § 61.066 (West 2006). Subsection (a) provides that

> The commission, in the name of the state and the attorney general, may: (1) bring a suit in a district court in Travis County to enforce a final order from which an appeal under this chapter has not been taken; or (2) serve on the defaulting party a notice of assessment stating the amount due.

Tex. Labor Code Ann. § 61.066(a) (West 2006). The next four subsections concern the "notice of assessment" referenced in subsection (a)(2). Subsection (c) mandates that the notice be served in the manner provided by law for service of process on a defendant in a civil action in district court. Tex. Labor Code Ann. § 61.066(c) (West 2006). Subsection (d) authorizes a person aggrieved by the TWC determination reflected in the notice to seek judicial review in Travis County. Tex. Labor Code Ann. § 61.066(d) (West 2006). Subsection (e) states that the notice of assessment becomes final if the person does not seek judicial

---

[3] Appellees concede that they are not entitled to attorneys' fees under section 38.001 of the Texas Civil Practice and Remedies Code. *See Abatement Inc. v. Williams*, 324 S.W.3d 858, 864 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) ("Common law claims and TWC claims are distinct remedial schemes, and a litigant must choose which one to pursue.").

review of the notice or if the notice is upheld after judicial review.  Tex. Labor Code Ann. § 61.066(e) (West 2006).

Examining subsection (f) in context shows that the term "civil action" refers to a suit that the TWC is permitted to file in Travis County under subsection (a)(1) to enforce a final order.  In addition, "reviewing court" refers to the Travis County district court described in subsection (d), which authorizes suit against the TWC for judicial review of a notice of assessment.  The "adverse party" is either the party that the TWC sues in an enforcement action under subsection (a)(1) or the aggrieved person suing under subsection (d) for judicial review of the notice of assessment.  We therefore hold that section 61.066(f) authorizes an award of attorneys' fees only in suits in Travis County district court that were either (1) filed by the TWC to enforce a final order or (2) filed against the TWC to challenge a notice of assessment.

This is not such a suit.  Rather, Stewart filed suit in Harris County to challenge the TWC's wage order in favor of Nolte under section 61.062, which has no attorneys' fees provision.  *See* Tex. Labor Code Ann. § 61.062 (West 2006) (providing that party may sue to appeal wage determination order in county of claimant's residence).  Courts have recognized that parties may not recover attorneys' fees for suits brought under that section. *See UL, Inc. v. Pruneda*, 01-09-00169-CV, 2010 WL 5060638, at *18–20, n.7 (Tex. App.—Houston [1st Dist.] Dec. 9, 2010, no pet.) (noting employee could not recover attorney's fees with respect to claim seeking judicial review of TWC decision under Labor Code section 61.062 and concluding that employee failed to segregate these fees from his recoverable fees for successful breach of contract claim); *Bloch v. SAVR Commc'ns, Inc.*, 03-12-00183-CV, 2014 WL 1203197, at *7 (Tex. App.—Austin Mar. 19, 2014, pet. denied) (mem. op.) (rejecting argument that employees who

6

successfully recover unpaid wages under the Payday Act should be allowed to recover attorney's fees they incur, especially in court, because section 61.062 "has heretofore not included a fee-shifting mechanism within or alongside the 'wages' for which it authorizes recovery, and whether it should provide one is the sole prerogative of the Legislature"); *see also Abatement Inc.*, 324 S.W.3d at 864 ("[A]ttorney's fees can be recovered in connection with a breach of contract claim but not in a TWC claim" for denied wages.).

Appellees argue that *Pruneda* merely addresses bad faith filings under section 61.053. We disagree. In *Pruneda*, the employee sought review of the TWC's wage determination order under 61.062. *See* 2010 WL 5060638, at *10 (holding despite employee's failure to cite 61.062 in his original petition, the plain language demonstrated he sought review of the TWC decision under that section of the statute). The court of appeals noted that the employee "did not recover, nor could he recover, attorney's fees with respect to his claim seeking judicial review of the TWC decision." *Id.* at *18 n.7. *Bloch* was also a case under section 61.062. *See* 2014 WL 1203197, at *2 (stating employee "timely perfected a claim for judicial review of the TWC's order through the underlying suit" under section 61.062).

For these reasons, we hold the attorneys' fees award was not authorized by section 61.066(f) of the Texas Labor Code. Because the fees were not authorized by statute, we need not determine whether the trial court correctly found that Stewart non-suited its claims to avoid an unfavorable judgment. We sustain Stewart's second issue.

We note that appellees also argued in their motion below that they were entitled to recover attorneys' fees on equitable grounds, and in their reply that they were entitled to recover their fees as sanctions for bad-faith abuse of the judicial

process. But the trial court awarded fees based on its finding that Stewart nonsuited its claims to avoid an unfavorable judgment, which appellees argued allowed them to claim fees under section 61.066(f) as prevailing parties. There is no indication in the record that the trial court made an equitable award of attorneys' fees or that it awarded fees as sanctions, and appellees do not argue on appeal that the order should be upheld on either ground. Moreover, the findings necessary to award sanctions are absent,[4] and the cases appellees cited below in support of an equitable award involved fees as damages or a common fund—theories that do not apply to this case.[5] Accordingly, we conclude that these grounds do not support the trial court's order.

---

[4] *See Polansky v. Berenji*, 393 S.W.3d 362, 370 (Tex. App.—Austin 2012, no pet.) (holding trial court abused its discretion to the extent it imposed sanctions on its own initiative without a notice issued before a hearing, an evidentiary hearing, or factual findings).

[5] In their motion, appellees cited, but did not discuss, the following three cases: *Nationwide Mut. Ins. v. Holmes*, 842 S.W.2d 335, 341 (Tex. App.—San Antonio 1992, writ denied); *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836, 838–39 (Tex. App.—Eastland 1984, no writ); *Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799 (Tex. 1974). In *Nationwide*, the court of appeals stated that the general rule disallowing attorney's fees should not apply because the fees were not incurred prosecuting or defending the underlying cause of action. 842 S.W.2d at 342. Additionally, the court held the fees constituted damages because they were incurred due to an "unconscionable" act by Nationwide. *Id.* Here, appellees did not assert that Stewart's failure to pay Nolte's wage claim (the only one before the trial court) constituted unconscionable conduct. Furthermore, the fees at issue here were awarded to appellees for defending the underlying cause of action. In *Baja Energy*, Baja had represented to Ball that it owned certain property when it did not, and the trial court awarded attorneys' fees after Ball was sued for trespassing by the third-party owner. 669 S.W.2d at 838. The court of appeals upheld the award and noted that an exception to the general rule forbidding attorneys' fees applies "when [a] wrongful act or contractual violation involves the claimant in litigation with third parties and forces the claimant to incur expenses to protect his interests." *Id.* at 839. In this case, appellees did not incur the fees in a different lawsuit filed by a third party due to the tortious conduct of Stewart. *Knebel* involved an award of attorneys' fees under the "common fund doctrine," which rests on the principle that "one who preserves or protects a common fund works for others as well as for himself, and the others so benefited should bear their just share of the expenses, including a reasonable attorney's fee." 518 S.W.2d at 799. Here, however, there is no common fund.

## CONCLUSION

Having sustained Stewart's second issue, we reverse the order of the trial court awarding attorneys' fees to appellees and render judgment that appellees take nothing.


/s/ J. Brett Busby
   Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby.

9