**Mary Jo NASCHKE d/b/a M.J. Naschke Public Relations, Appellant**

v.

**GULF COAST CONFERENCE d/b/a International Wellness Conference and Bob Kibler, Individually, Appellees.**

No. 14–04–00687–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 7, 2006.

Anthony P. Griffin, Galveston, for appellants.

Brian Jude McNamara, Kingwood, for appellees.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

Mary Jo Naschke d/b/a M.J. Naschke Public Relations ("Naschke") appeals a judgment notwithstanding the verdict ("JNOV") granted in favor of Gulf Coast Conference d/b/a International Wellness Conference ("Gulf Coast") and Bob Kibler, individually, on the ground that the law allows recovery of attorney's fees incurred due to a third party's wrongful act. We affirm.

As relevant to this appeal, Naschke was hired by Gulf Coast to arrange advertising for its International Wellness Conference (the "conference"). Naschke contracted with the Houston Chronicle (the "Chronicle") to run newspaper advertisements for the conference. The Chronicle brought suit against Gulf Coast, its President, Kibler, and Naschke, seeking payment for the advertisements. Naschke countersued the Chronicle and filed cross-claims against Gulf Coast and Kibler. The claims asserted by and against the Chronicle were settled before trial, and Naschke obtained a jury verdict against Gulf Coast and Kibler for the attorney's fees she incurred in the preparation and trial of this lawsuit. However, the trial court granted a JNOV in favor of Gulf Coast and Kibler and entered a take-nothing judgment against Naschke.

■■■ A trial court may grant a judgment notwithstanding the verdict if there is no evidence to support one or more of the jury findings on issues necessary to liability. *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex.2003). No evidence exists when, among other things, the court is barred by rules of law from giving weight to the only evidence offered to prove a vital fact. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 903 (Tex.2004).

■■■ Naschke's sole issue on appeal contends that the trial court erred in granting the JNOV because Texas law allows the equitable recovery of attorney's fees incurred due to a third party's wrongful act, and the evidence in this case supports the jury verdict against appellees on that claim.

The trial court's charge to the jury (the "charge") contained the following instruction:

Unless provided by statute or by contract of the parties, attorney's fees incurred by a party to litigation are not recoverable against an adversary, either in tort or in a suit upon a contract. However, where the natural and proximate consequences of *a wrongful act* has been to involve a plaintiff in litigation with others, there may, as a general rule, be a recovery in damages of the reasonable expenses incurred in such prior litigation, against the author of such acts, including the compensation of attorney's fees; but such expenses must be the natural and proximate consequences of the injury complained of and must have been incurred necessarily and in good faith, and the amount thereof must be reasonable.

(emphasis added). Questions 1 and 2 then asked the jury whether Gulf Coast and Kibler, respectively, committed a wrongful act that proximately caused the Chronicle to file a lawsuit against Naschke. The jury answered "yes" to each question. The damage question associated with questions 1 and 2 asked for the amount of a reasonable fee for the necessary services of Naschke's attorney in this case, to which the jury responded "$23,500." Gulf

Coast objected to the charge and sought its JNOV on the ground, among others, that this court has declined to adopt an equitable exception to the rule requiring a statutory or contractual basis for recovery of attorney's fees.[1]

Section 914 of the Restatement (Second) of Torts provides:

(1) The damages in a tort action do not ordinarily include compensation for attorney fees or other expenses of the litigation.

(2) One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.

RESTATEMENT (SECOND) OF TORTS § 914 (1979). In *Turner*, the Texas Supreme Court acknowledged the theory of recovery set forth in section 914 but held that its requirements were not met by the facts of that case and did not otherwise expressly adopt or reject that theory. *See Turner v. Turner*, 385 S.W.2d 230, 234 (Tex.1964). Since then, the Court has not again addressed the possible application of that rule, and Texas intermediate courts of appeals opinions have differed regarding whether it is applicable under Texas law and, if so, its scope.[2]

Because we are bound to follow the existing laws of the State, we are not at liberty to adopt a theory of recovery that has not been enacted by the Legislature or adopted by the Texas Supreme Court. Moreover, even if section 914 had been adopted in Texas, it allows attorney's fees to be recovered only where they have been incurred due to the *tort* of another,[3] as contrasted from any "wrongful act," as provided in the charge. Because the charge did not define "wrongful act," it essentially authorized the jury to award attorney's fees for *any* act it considered wrongful, whether or not that act is deemed wrongful under the law (and it would thereby effectively preclude any appellate review of the evidence to support such a verdict). Because Naschke's sole issue cites no binding or well-reasoned authority (or rationale) that supports allowing the recovery authorized by the charge in this case, it fails to demonstrate that the trial court erred in granting the JNOV. Therefore, Naschke's issue is overruled, and the judgment of the trial court is affirmed.

---

1. *See Martin–Simon v. Womack*, 68 S.W.3d 793, 797–98 (Tex. App.-Houston [14th Dist.] 2001, pet. denied).

2. *See generally* James Michael Stanton, *Recovering Attorney's Fees in Equity Under Texas*

*Law: Why Some Texas Courts of Appeal Have It Wrong*, 29 T. MARSHALL L.REV. 243 (2004).

3. RESTATEMENT (SECOND) OF TORTS § 914(2).