# NO. 12-09-00287-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TEXAS ELECTRIC UTILITY CONSTRUCTION, LTD., APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *INFRASOURCE UNDERGROUND CONSTRUCTION SERVICES, L.L.C., APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Texas Electric Utility Construction, Ltd. ("Texas Electric") appeals from a summary judgment granted in favor of InfraSource Underground Construction Services, LLC ("InfraSource"). In its sole issue, Texas Electric contends that it is entitled to "recover, as damages, attorney's fees and expenses it incurred in defending itself against the claim of a third party that resulted from the wrongful act of [InfraSource]." We affirm.

### BACKGROUND

Nolan Holloway, a nonparty to this litigation, was a Texas Electric employee. He later became employed by InfraSource and was injured while using an aerial lift bucket vehicle known as a "rollagon." The rollagon was owned by Texas Electric at the time of his injury. Holloway sued Texas Electric. In turn, Texas Electric impleaded InfraSource as a third-party defendant. Later, the third party claim against InfraSource was severed from the main action. The Holloway suit was resolved in Texas Electric's favor, which was appealed to this court. *See generally* **Holloway v. Tex. Elec. Util. Constr., Ltd.**, 282 S.W.3d 207 (Tex. App.—Tyler 2009, no pet.).

After resolution of the Holloway suit, Texas Electric pursued the instant litigation, that is, the severed claim against InfraSource. Texas Electric claimed that InfraSource did not have permission to use the rollagon when Holloway was injured, and sued

InfraSource for conversion. As part of its damages, Texas Electric sought to recover, from InfraSource, the attorney's fees it incurred defending itself in the Holloway litigation. The parties filed competing motions for summary judgment.

InfraSource stipulated to liability on Texas Electric's conversion claim and the loss of rental value damages in the amount of $10,000.00. The only contested issue then was whether Texas Electric could recover, as damages, the attorney's fees it incurred in defending the related, but distinct, Holloway lawsuit. Texas Electric argued that these fees were recoverable because it would not have been sued if InfraSource had not converted the rollagon. Ultimately, the trial court granted InfraSource's motion for summary judgment and held it "is not at liberty to adopt a theory of recovery (i.e. Plaintiff's claim for attorney's fees as damages) that has not been enacted by the Legislature or adopted by the Texas Supreme court or the 12th Court of Appeals-Tyler." Texas Electric timely appealed.

### ATTORNEY'S FEES AS DAMAGES

In its sole issue, Texas Electric contends that it may recover the attorney's fees it incurred in defending itself in the earlier Holloway lawsuit under the so called "tort of another" exception to the American rule on attorney's fees.

### Standard of Review

Generally, we review a trial court's decision to either grant or deny attorney's fees under an abuse of discretion standard. *See Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004). However, the issue in the instant case is whether Texas law recognizes a particular basis for the recovery of attorney's fees, which is a question of law that we review de novo. *See Holland v. Wal-Mart Stores*, 1 S.W.3d 91, 94 (Tex. 1999).

### Applicable Law

"Texas law distinguishes between recovery of attorney's fees *as* actual damages and recovery of attorney's fees *incident* to recovery of other actual damages." *Haden v. David J. Sacks, P.C.,* 222 S.W.3d 580, 597 (Tex. App.—Houston [1st Dist.] 2007), *rev'd in part on other grounds*, 263 S.W.3d 919 (Tex. 2008). When recovering attorney fees incident to other actual damages, a party may generally recover them only as provided by statute or contract. *Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 567 (Tex. 2002); *see also Turner v. Turner*, 385 S.W.2d 230, 233 (Tex.1965). Attorney's fees are ordinarily

2

not recoverable as actual damages in and of themselves. *Haden,* 222 S.W.3d at 597; *see also McCall v. Tana Oil & Gas Corp.*, 82 S.W.3d 337, 344 (Tex. App.—Austin 2001), *rev'd on other grounds*, 104 S.W.3d 80 (Tex. 2003); *G.R.A.V.I.T.Y. Enter., Inc. v. Reece Supply Co.*, 177 S.W.3d 537, 546 (Tex. App.—Dallas 2005, no pet.). However, in *Turner*, the supreme court discussed, without expressly adopting, an exception to the general rule that attorney's fees are not available as actual damages. *Id.* at 234. That rule, known as the "tort of another" exception, provides as follows:

> (1) The damages in a tort action do not ordinarily include compensation for attorney fees or other expenses of the litigation.
>
> (2) One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.

Restatement (Second) of Torts § 914 (1979).

Texas intermediate appellate courts are divided on whether section 914(2) is the law in Texas. *Compare Naschke v. Gulf Coast Conference*, 187 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (declining to adopt "tort of another" exception in section 914(2)); *Peterson v. Dean Witter Reynolds, Inc.,* 805 S.W.2d 541, 549 (Tex. App.—Dallas 1991, no writ); *Cupples Coiled Pipe, Inc. v. Esco Supply Co.,* 591 S.W.2d 615, 619 (Tex. Civ. App.—El Paso 1979, writ ref'd n.r.e.); *Dalton Steamship Corp. v. W.R. Zanes & Co.*, 354 S.W.2d 621, 624 (Tex. Civ. App.—Fort Worth 1962, no writ) *with Lesikar v. Rappeport*, 33 S.W.3d 282, 306 (Tex. App.—Texarkana 2000, pet. denied) (adopted "tort of another" exception under Restatement section 914(2)); *Estate of Arlitt v. Paterson*, 995 S.W.2d 713, 721 (Tex. App.—San Antonio 1999, pet. denied), *overruled on other grounds*, *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780 (Tex. 2006); *Standard Fire Ins. Co. v. Stephenson*, 963 S.W.2d 81, 90-91 (Tex. App.—Beaumont 1997, no pet.); *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836, 839 (Tex. App.—Eastland 1984, no writ); *Powell v. Narried*, 463 S.W.2d 43, 46 (Tex. Civ. App.—El Paso 1971, writ ref'd n.r.e.).

Recently, the Texas Supreme Court clarified its earlier opinion in *Turner* and stated that "we need not and do not address whether the ['tort of another'] exception set out in section 914(2) of the Second Restatement should be adopted as Texas law." *Akin,*

*Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. and Research Corp.*, 299 S.W.3d 106, 119 (Tex. 2009).

**Discussion**

In this case, it is uncontroverted that Texas Electric owned the rollagon when Holloway was injured and that Holloway's use of the rollagon resulted from InfraSource's conversion of it. Thus, Texas Electric urges that we adopt the "tort of another" exception in section 914(2), which it contends would support its recovery of the attorney's fees it incurred in defending the Holloway suit. However, "[b]ecause we are bound to follow the existing laws of the State, we are not at liberty to adopt a theory of recovery that has not been enacted by the Legislature or adopted by the Texas Supreme Court." *See Naschke*, 187 S.W.3d at 655. The "tort of another" exception is such a theory. *See id.* Therefore, Appellant's sole issue is overruled.

**DISPOSITION**

We *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)
