NO









NO. 12-09-00287-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

TEXAS ELECTRIC UTILITY 

CONSTRUCTION, LTD.,                                 '     APPEAL
FROM THE 145TH

APPELLANT

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

INFRASOURCE UNDERGROUND

CONSTRUCTION
                                            '     NACOGDOCHES
COUNTY, TEXAS

SERVICES, L.L.C.,

APPELLEE

 





MEMORANDUM
OPINION

            Texas
Electric Utility Construction, Ltd. (“Texas Electric”) appeals from a summary
judgment granted in favor of InfraSource Underground Construction Services, LLC
(“InfraSource”).  In its sole issue, Texas Electric contends that it is
entitled to “recover, as damages, attorney’s fees and expenses it incurred in
defending itself against the claim of a third party that resulted from the
wrongful act of [InfraSource].”  We affirm.

Background

Nolan
Holloway, a nonparty to this litigation, was a Texas Electric employee.  He
later became employed by InfraSource and was injured while using an aerial lift
bucket vehicle known as a “rollagon.”  The rollagon was owned by Texas Electric
at the time of his injury.  Holloway sued Texas Electric.  In turn, Texas
Electric impleaded InfraSource as a third-party defendant.  Later, the third
party claim against InfraSource was severed from the main action.  The Holloway
suit was resolved in Texas Electric’s favor, which was appealed to this court. 
See generally Holloway v. Tex. Elec. Util. Constr., Ltd.,
282 S.W.3d 207 (Tex. App.—Tyler 2009, no pet.).

            After
resolution of the Holloway suit, Texas Electric pursued the instant litigation,
that is, the severed claim against InfraSource.  Texas Electric claimed that
InfraSource did not have permission to use the rollagon when Holloway was
injured, and sued InfraSource for conversion.  As part of its damages, Texas
Electric sought to recover, from InfraSource, the attorney’s fees it incurred
defending itself in the Holloway litigation.  The parties filed competing
motions for summary judgment.

InfraSource
stipulated to liability on Texas Electric’s conversion claim and the loss of
rental value damages in the amount of $10,000.00.  The only contested issue
then was whether Texas Electric could recover, as damages, the attorney’s fees
it incurred in defending the related, but distinct, Holloway lawsuit.  Texas
Electric argued that these fees were recoverable because it would not have been
sued if InfraSource had not converted the rollagon.  Ultimately, the trial
court granted InfraSource’s motion for summary judgment and held it “is not at
liberty to adopt a theory of recovery (i.e. Plaintiff’s claim for attorney’s fees
as damages) that has not been enacted by the Legislature or adopted by the
Texas Supreme court or the 12th Court of Appeals-Tyler.”   Texas Electric
timely appealed.

 

Attorney’s Fees as Damages 

In
its sole issue, Texas Electric contends that it may recover the attorney’s fees
it incurred in defending itself in the earlier Holloway lawsuit under the so
called “tort of another” exception to the American rule on attorney’s fees.

Standard of Review

Generally,
we review a trial court’s decision to either grant or deny attorney’s fees
under an abuse of discretion standard.  See Ridge Oil Co., Inc. v. Guinn
Invs., Inc., 148 S.W.3d 143, 163 (Tex. 2004).  However, the issue in
the instant case is whether Texas law recognizes a particular basis for the
recovery of attorney’s fees, which is a question of law that we review de
novo.  See Holland v. Wal-Mart Stores, 1 S.W.3d 91, 94 (Tex. 1999).

Applicable Law

“Texas
law distinguishes between recovery of attorney’s fees as actual damages
and recovery of attorney’s fees incident to recovery of other actual
damages.”  Haden v. David J. Sacks, P.C., 222 S.W.3d 580, 597
(Tex. App.—Houston [1st Dist.] 2007), rev’d in part on other grounds,
263 S.W.3d 919 (Tex. 2008).  When recovering attorney fees incident to other
actual damages, a party may generally recover them only as provided by statute
or contract.  Gulf States Utils. Co. v. Low, 79 S.W.3d 561, 567
(Tex. 2002); see also Turner v. Turner, 385 S.W.2d 230, 233
(Tex.1965).  Attorney’s fees are ordinarily not recoverable as actual damages
in and of themselves.  Haden, 222 S.W.3d at 597; see also McCall
v. Tana Oil & Gas Corp., 82 S.W.3d 337, 344 (Tex. App.—Austin 2001),
rev’d on other grounds, 104 S.W.3d 80 (Tex. 2003); G.R.A.V.I.T.Y.
Enter., Inc. v. Reece Supply Co., 177 S.W.3d 537, 546 (Tex. App.—Dallas
2005, no pet.).  However, in Turner, the supreme court discussed,
without expressly adopting, an exception to the general rule that attorney’s
fees are not available as actual damages.  Id. at 234.  That
rule, known as the “tort of another” exception, provides as follows:

 

(1) The damages in a tort action do not ordinarily
include compensation for attorney fees or other expenses of the litigation.

 

(2) One who through the tort of another has been
required to act in the protection of his interests by bringing or defending an
action against a third person is entitled to recover reasonable compensation
for loss of time, attorney fees and other expenditures thereby suffered or
incurred in the earlier action.

 

Restatement (Second) of Torts § 914
(1979).

Texas
intermediate appellate courts are divided on whether section 914(2) is the law
in Texas.  Compare Naschke v. Gulf Coast Conference, 187 S.W.3d
653, 655 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (declining to adopt
“tort of another” exception in section 914(2)); Peterson v. Dean Witter
Reynolds, Inc., 805 S.W.2d 541, 549 (Tex. App.—Dallas 1991, no writ); Cupples
Coiled Pipe, Inc. v. Esco Supply Co., 591 S.W.2d 615, 619 (Tex. Civ. App.—El
Paso 1979, writ ref'd n.r.e.); Dalton Steamship Corp. v. W.R. Zanes &
Co., 354 S.W.2d 621, 624 (Tex. Civ. App.—Fort Worth 1962, no writ) with
Lesikar v. Rappeport, 33 S.W.3d 282, 306 (Tex. App.—Texarkana 2000,
pet. denied) (adopted “tort of another” exception under Restatement section 914(2));
Estate of Arlitt v. Paterson, 995 S.W.2d 713, 721 (Tex. App.—San
Antonio 1999, pet. denied), overruled on other grounds, Belt v.
Oppenheimer, Blend, Harrison & Tate, Inc., 192 S.W.3d 780 (Tex.
2006); Standard Fire Ins. Co. v. Stephenson, 963 S.W.2d 81, 90-91
(Tex. App.—Beaumont 1997, no pet.); Baja Energy, Inc. v. Ball,
669 S.W.2d 836, 839 (Tex. App.—Eastland 1984, no writ); Powell v. Narried,
463 S.W.2d 43, 46 (Tex. Civ. App.—El Paso 1971, writ ref'd n.r.e.).

Recently,
the Texas Supreme Court clarified its earlier opinion in Turner
and stated that “we need not and do not address whether the [‘tort of another’]
exception set out in section 914(2) of the Second Restatement should be adopted
as Texas law.”  Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat’l
Dev. and Research Corp., 299 S.W.3d 106, 119 (Tex. 2009). 

Discussion

In
this case, it is uncontroverted that Texas Electric owned the rollagon when
Holloway was injured and that Holloway’s use of the rollagon resulted from
InfraSource’s conversion of it.  Thus, Texas Electric urges that we adopt the
“tort of another” exception in section 914(2), which it contends would support
its recovery of the attorney’s fees it incurred in defending the Holloway
suit.  However, “[b]ecause we are bound to follow the existing laws of the
State, we are not at liberty to adopt a theory of recovery that has not been
enacted by the Legislature or adopted by the Texas Supreme Court.”  See Naschke,
187 S.W.3d at 655.  The “tort of another” exception is such a theory.  See id. 
Therefore, Appellant’s sole issue is overruled.

 

Disposition

            We affirm
the judgment of the trial court.

 



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered June 30, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)