

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00301-CV

———————————————————

CARLOS ALVAREZ AND JUDITH ALVAREZ, Appellants

V.

DIANA O. AGYEMANG, JANET ACHEAMPONG, AND YAW APPIAH-KUBI,
Appellees

---

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-301157-18

---

Before Gabriel, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Appellants Carlos and Judith Alvarez (collectively, the Alvarezes) appeal from a default judgment entered against them and in favor of appellees Diana O. Agyemang, Janet Acheampong, and Yaw Appiah-Kubi (collectively, Appellees) on their claims against the Alvarezes for personal injuries arising from a car accident. The Alvarezes argue that Appellees failed to proffer evidence of a causal nexus between the car accident and their injuries, did not sufficiently establish the amount of their unliquidated damages, and were not entitled to recover attorney's fees. Because we conclude that Appellees were not entitled to the recovery of their attorney's fees and failed to proffer any evidence that their unspecified personal injuries were caused by the car accident, we reverse the default judgment in part and remand the case to the trial court for further, limited proceedings.

## I. BACKGROUND

On November 6, 2016, Judith was driving a car that was owned by Carlos when she was involved in an accident with a car carrying Appellees. On July 26, 2018, Appellees filed a negligence suit to recover damages for their personal injuries, which they alleged were proximately caused by the 2016 car accident. On November 8, 2018, Appellees served the citations on the Alvarezes. *See* Tex. R. Civ. P. 106(a).

On April 16, 2019, the trial court entered an order setting Appellees' petition for trial during the week of August 12, 2019. On July 3, 2019, Appellees filed a motion for default judgment and argued that although the Alvarezes had been served

2

with citations, they had not appeared in the suit. Attached to the motion were the returns of service on the Alvarezes, business-records affidavits regarding Appellees' medical bills, and Appellees' itemized medical bills from an Arlington hospital. It appears that the trial court did not hold a hearing on the motion.[1]

On July 16, 2019, the trial court granted the motion for default judgment and entered final judgment in favor of Appellees, awarding $3,000 in attorney's fees and $59,798.93 in damages. *See* Tex. R. Civ. P. 239; *see also* Tex. R. Civ. P. 107(h) (prohibiting default judgment unless proof of service has been on file with the court for ten days). The Alvarezes filed notices of appeal from the default judgment on August 15, 2019—thirty days after judgment. *See* Tex. R. App. P. 26.1. They now seek to reverse the default judgment and request either a rendition or a remand for a new trial because (1) no properly admitted evidence supported the awarded damage amount, (2) Appellees introduced no evidence to prove a causal nexus between their injuries and the car accident, and (3) Appellees did not plead for recoverable attorney's fees.

---

[1]The court reporter informed this court that she did "not show that a record was taken" in this case. The trial court's docket sheet does not indicate that a hearing was held; the order granting default judgment reflects that the trial court "reviewed the records in this matter" and "consider[ed] the motion."

## II. PROPRIETY OF DEFAULT JUDGMENT

### A. STANDARD OF REVIEW

Typically, a party fails to preserve error in a direct appeal from a default judgment if the party fails to file a motion for new trial establishing the *Craddock* elements. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939); *see Massey v. Columbus State Bank*, 35 S.W.3d 697, 699 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (discussing Tex. R. Civ. P. 324(b)(1) and *Craddock*, 133 S.W.2d at 126). The Alvarezes raise none of the *Craddock* elements and do not rely on extrinsic evidence in their appellate brief, arguing instead that Appellees did not proffer any evidence to support their damages and were not entitled to attorney's fees as a matter of law. We construe the Alvarezes' appellate issues to be directed to the legal sufficiency of the evidence to support the trial court's default judgment, which we may consider even in the absence of a motion for new trial. *See In re Marriage of Collins & Tipton*, No. 07-06-0314-CV, 2008 WL 3930559, at *2 (Tex. App.—Amarillo Aug. 27, 2008, no pet.) (mem. op.); *Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 687 & n.1 (Tex. App.—Dallas 2005, no pet.); *Dawson v. Briggs*, 107 S.W.3d 739, 748 (Tex. App.—Fort Worth 2003, no pet.). *See generally* Tex. R. App. P. 38.9 (requiring liberal construction of appellate briefs); *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("[A]ppellate courts should reach the merits of an appeal whenever reasonably possible.").

4

In a legal-sufficiency review, we consider only the evidence and inferences that tend to support the finding and disregard all contrary evidence and inferences. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex. 1992); *see also Dawson*, 107 S.W.3d at 748 ("When a specific attack is made upon the legal or factual sufficiency of the evidence to support the trial court's determination of damages in a default judgment, the appellant is entitled to a review of the evidence produced."). Anything more than a scintilla of evidence is legally sufficient to support the finding. *See Holt Atherton*, 835 S.W.2d at 84. The trial court's default judgment, entered after the Alvarezes failed to appear, operated as an admission of all allegations of fact set out in Appellees' petition, including a causal nexus between the Alvarezes' conduct and the car accident; but the default did not operate as an admission regarding a causal nexus between the accident and Appellees' injuries or regarding the amount of Appellees' unliquidated damages. *See Paradigm Oil, Inc. v. Retamco Oper., Inc.*, 372 S.W.3d 177, 183 (Tex. 2012); *Holt Atherton*, 835 S.W.2d at 83; *Transport Concepts, Inc. v. Reeves*, 748 S.W.2d 302, 304–05 (Tex. App.—Dallas 1988, no writ). Thus, Appellees were required to prove the amount of unliquidated damages. *See* Tex. R. Civ. P. 243; *Dolgencorp, Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009). And part of proving the amount of Appellees' unliquidated damages was offering competent proof of a causal nexus between the 2016 car accident and their injuries. *See Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984).

5

## B. CAUSAL NEXUS BETWEEN ACCIDENT AND INJURIES

The Alvarezes contend that Appellees failed to proffer evidence establishing that their unliquidated damages were caused by the car accident. As we have explained, Appellees were required to do so by competent evidence. *See id.* Appellees assert that their "medical records evidence," which was attached to their default-judgment motion, established a causal nexus between the accident and their personal injuries. The attached evidence consisted of itemized bills showing the charges incurred by Appellees at an Arlington hospital on November 6, 2016. These bills merely list what medical procedures were performed on that date and the charge for each.[2] Regarding Appiah-Kubi, Appellees also attached the bill for an unidentified surgery performed at the same hospital on September 27, 2018.[3]

We conclude that this evidence is less than a scintilla of proof that these medical costs were caused by or a result of the car accident. The bills merely reflect the fact of the incurred charges. Simply because Appellees received treatment at an Arlington hospital on the same day as the accident (or two years later) does not equate to more than a scintilla of evidence of a causative link to the accident. In other words, the fact of incurred medical costs is not evidence that Appellees' injuries were

---

[2]Two examples: "1CT C-SPINE W/O CONTRAS   3702.05" and "1 EMER DEPT LEVEL 3  1439.00."

[3]This "GENERAL SURGERY" occurred two months after Appellees filed suit and almost two years after the car accident.

caused by or a result of the car accident. *See A.B.F. Freight Sys., Inc. v. Austrian Imp. Serv., Inc.*, 798 S.W.2d 606, 615 (Tex. App.—Dallas 1990, writ denied) ("The damages must be ascertainable in some manner other than by mere speculation or conjecture, and by reference to some fairly definite standard, established experience, or direct inference from known facts."). This is especially true when, as here, Appellees proffered no testimony by affidavit or at a hearing about their specific injuries. *Cf. Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 516 (Tex. 1999) (per curiam) (approving use of affidavits to establish unliquidated damages under Rule 243); *Morgan*, 675 S.W.2d at 733 (holding causative link provided by plaintiff's testimony, which described her symptoms and explained when they began, even though no expert medical evidence proffered); *SACMD Acquisition Corp. v. Trevino*, No. 13-07-00509-CV, 2009 WL 2541840, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 20, 2009, no pet.) (mem. op.) (holding plaintiff's affidavit "establishes a sequence of events from which the trier of fact may properly infer that [plaintiff's] fall on [defendants'] property caused him to suffer injury"); *Cotton Patch Café v. McCarty*, No 2-05-082-CV, 2006 WL 563307, at *3 (Tex. App.—Fort Worth Mar. 9, 2006, no pet.) (mem. op.) (concluding plaintiff's testimony detailing his specific injuries and averring that the injuries were caused by the event sued upon was legally sufficient to establish causal nexus between event sued upon and injuries); *Transport Concepts*, 748 S.W.2d at 305 (finding legally sufficient evidence of causal nexus between accident and plaintiff's injuries based on plaintiff's unrefuted testimony that "his injuries were the result of

7

the accident"). Appellees' allegation in their petition that their "severe personal injuries" were "a result of the collision" does not supply the needed proof. *See Morgan*, 675 S.W.2d at 732–33 (recognizing in default-judgment review that petition allegation established causative link between defendant's conduct and cause of action but did not establish link between cause of action and injuries); *see also* Tex. R. Civ. P. 243 (requiring proof of unliquidated damages after default). We sustain the Alvarezes' third issue.

The Alvarezes request either rendition or a remand. Because we are sustaining a no-evidence issue following an uncontested, no-answer default judgment, the appropriate disposition is a remand for new trial on the issue of unliquidated damages.[4] *See Holt Atherton*, 835 S.W.2d at 86.

## C. ATTORNEY'S FEES

The Alvarezes contend in their second issue that the default judgment was in error because it awarded Appellees attorney's fees even though such fees are not recoverable in negligence actions and even though Appellees did not plead for such relief. Appellees respond that equity allows the recovery of their attorney's fees.

Attorney's fees are recoverable only if allowed by contract or by statute. *Tony Gullo Motors I, LP. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex. 2006). "Absent a contract

---

[4]Because the case will be remanded for a new trial on the unliquidated-damages issue, we need not address the Alvarezes' first issue, challenging the sufficiency of the evidence to support the amount of Appellees' personal-injury damages. *See* Tex. R. App. P. 47.1.

8

or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees." *Id.* at 311. A negligence claim, which was the sole claim raised by Appellees, does not confer a right to recover attorney's fees. *See, e.g., Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 568 (Tex. 2002); *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441 n.9 (Tex. 1995). To the extent Appellees now rely on equity to provide authorization for the recovery of their attorney's fees, they have failed to establish the equitable prerequisites, namely that they pleaded for such recovery or that their claim was based on the common-fund doctrine or on the attorney-fees-as-damages theory.[5] *See* Michol O'Connor, *O'Connor's Texas Causes of Action* ch. 45–D, §§ 1–2 (2019). Accordingly, Appellees may not recover their attorney's fees even as prevailing parties. We sustain issue two.

## III. CONCLUSION

Although the causative link between the Alvarezes' conduct and the car accident is established by default, Appellees proffered legally insufficient evidence that their injuries were caused by or a result of the car accident. And Appellees' negligence claim does not entitle them to an award of attorney's fees. Therefore, the default

_____

[5]We do not hold that the equitable exception allows the recovery of a prevailing party's attorney's fees even in the absence of a contract or authorizing statute. Indeed, the Texas Supreme Court's language in *Gullo* and that court's failure to expressly adopt or reject this equitable theory indicate that equity does not extend this far. 212 S.W.3d at 311; *see Naschke v. Gulf Coast Conference*, 187 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). We hold, only for the purposes of this appeal, that if attorney's fees are authorized on an equitable basis, Appellees failed to meet its requirements.

9

judgment as to unliquidated damages and attorney's fees cannot stand. We reverse the trial court's July 16, 2019 order granting Appellees' motion for default judgment in part and remand this case to that court for a new trial solely on the existence of a causative nexus between the accident and Appellees' injuries and, if one is established, for a new trial on the amount of Appellees' unliquidated damages. *See* Tex. R. App. P. 43.2(d), 43.3(a). The portion of the order granting default judgment regarding the Alvarezes' liability for the accident is affirmed. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: February 13, 2020

10