Opinion filed April 16, 2020



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00302-CV

_____

## KENDALL WONG, Appellant

## V.

## JOHN REAM AND REAM ROOFING, Appellees

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CV54011**

## MEMORANDUM OPINION

Appellees John Ream and Ream Roofing replaced the roof on Appellant Kendall Wong's house. After Wong filed a complaint with the Better Business Bureau and posted negative internet reviews about Appellees' work, Appellees sued him for defamation, business disparagement, tortious interference with prospective business relationships, and intentional infliction of emotional distress.

Over 550 days after service of the lawsuit, Wong filed a motion in which he requested that the trial court find good cause to extend time to file a motion to dismiss pursuant to the Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2015) (the TCPA),[1] and subject to the motion to extend time, a TCPA motion to dismiss. The trial court denied both motions. In its order, the trial court found that there was "no good cause for the late filing of a [TCPA] motion to dismiss"; that Wong's "motion for leave to file" was frivolous; and that, because there was no good cause to extend the time to file the motion to dismiss, Wong's motion to dismiss was "not well taken" and was frivolous. The trial court awarded Appellees attorney's fees in the amount of $14,000.

In three issues, Wong argues that the trial court erred when it ruled on the motion to dismiss after it denied the motion to extend time, when it awarded attorney's fees to Appellees, and when it failed to dismiss Appellees' claims against Wong. Appellees filed a motion to dismiss this appeal on the ground that this court does not have jurisdiction over an interlocutory order in which the trial court denies a motion to extend time to file a TCPA motion to dismiss. Appellees also request that we find that Wong's appeal is frivolous and that we award Appellees "just damages" pursuant to Rule 45 of the Texas Rules of Appellate Procedure.

We deny Appellees' motion to dismiss this appeal and motion for just damages. Because the TCPA does not authorize the trial court to award attorney's fees to the nonmovant on the basis that a motion to extend time to file a motion to dismiss is frivolous, we reverse the trial court's award of attorney's fees to Appellees

---

[1]The Texas legislature amended the TCPA effective September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9, 12 (H.B. 2730) (codified at TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001, .003, .005–.007, .0075, .009–.010). Because the underlying lawsuit was filed prior to September 1, 2019, the law in effect before September 1 applies. *See id.* §§ 11–12. For convenience, all citations to the TCPA in this opinion are to the version of the statute prior to September 1, 2019. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500.

2

and render judgment that Appellees take nothing on their request for attorney's fees. We affirm the trial court's order in all other respects.

*Background*

After Appellees installed a new roof on Wong's home, Wong requested that Appellees repair damage that Wong believed was caused by Appellees to three landscaping lights, a flower bed, and internal insulation. Appellees failed to perform the requested repairs and failed to complete paperwork that was necessary for Wong to receive payment from his insurance company for the work on the roof. Wong filed a complaint with the Better Business Bureau and posted negative reviews of Appellees' work on two internet forums.

On November 20, 2017, Appellees sued Wong for defamation, business disparagement, tortious interference with prospective business relationships, and intentional infliction of emotional distress. Wong was served with Appellees' petition on December 1, 2017. Attorney Roy Bell filed an answer on behalf of Wong on December 22, 2017.

Bell died on November 26, 2018. On June 13, 2019, Wong, represented by new counsel, filed a motion to extend time to file a TCPA motion to dismiss and, subject to that motion, a TCPA motion to dismiss. Wong argued that there was good cause to extend time to file the motion to dismiss because of Bell's poor health and death. Wong requested that the trial court take judicial notice that Bell's "health had been in significant decline for a substantial period before his unfortunate death," including the period during which he represented Wong; that Bell was a solo practitioner who was assisted, at times, by Zachary Hoffman; and that Bell's practice lacked a succession plan. Wong, however, offered no evidence that Bell was in poor health in December 2017 or January 2018. In the motion to dismiss, Wong asserted that Appellees' claims were in response to Wong's exercise of a protected right and were subject to dismissal under the TCPA.

3

Appellees responded that the motion to dismiss was "untimely and without good cause," that there was no evidence that Bell's failure to file a timely motion to dismiss was not intentional or the result of conscious indifference, and that their claims were not subject to dismissal pursuant to the TCPA. Appellees contended that both the motion to extend time and the motion to dismiss were frivolous and solely intended to delay and requested an award of attorney's fees and court costs pursuant to Section 27.009(b) of the TCPA.

On July 23, 2019, the trial court signed an "Order Setting Hearing on Defendant's Motion to Extend Time for the Filing of Chapter 27 Motion to Dismiss and, Subject Thereto, Chapter 27 Motion to Dismiss. " The body of the order, however, stated that Wong's "Motion to Withdraw Deemed Admissions" was set for hearing on September 11, 2019. At the beginning of the hearing, the trial court questioned whether Appellees received proper notice of the substance of the hearing and asked Appellees' counsel if she was prepared "to go forward on the Chapter 27 anti-SLAPP motions." Appellees' counsel indicated that she was prepared to go forward on the "motions." During the hearing, Wong's counsel argued only that there was good cause for the trial court to grant the motion to extend time. Appellees' counsel responded that "this motion is untimely and we ask that it be denied."

On September 12, 2019, the trial court signed an order in which it denied both the motion to extend time and the motion to dismiss. The trial court found that there was no good cause for the motion to dismiss to be filed late because (1) Wong selected his attorney, (2) Wong was represented by counsel during the statutory 60-day period to file a motion to dismiss, (3) Bell did not die within those sixty days, (4) Bell died 300 days after the 60-day period had passed, and (5) Hoffman had appeared in the case on March 28, 2018, and had not withdrawn. The trial court also found that, because "the motion was not well taken" and because Appellees' counsel

4

was forced "to expend a great deal of time and effort to respond," it was "proper" to award Appellees' attorney's fees of $14,000.

Wong filed a motion for reconsideration of the award of attorney's fees in which he argued that there was no statutory basis to support the award of attorney's fees to Appellees. Wong first argued that Appellees could recover attorney's fees under Section 27.009(b) only if a motion to dismiss was frivolous or solely intended to delay and that the trial court had made neither finding. Wong also asserted that Appellees could not recover attorney's fees pursuant to Section 27.009(b) because the motion to dismiss was filed subject to the motion to extend time. Wong specifically argued that, because the trial court denied the motion to extend time, the motion to dismiss "was never properly before" the trial court.

On October 3, 2019, the trial court signed an amended order in which it again denied both the motion to extend time and the motion to dismiss. The trial court made the same findings as to lack of good cause to extend time to file the motion to dismiss. The trial court made the additional finding that Wong's "motion for leave to file" a TCPA motion to dismiss was frivolous. As to the motion to dismiss, the trial court found that, "[b]ecause there was no good cause for the late filing of a [TCPA] motion to dismiss, and because the Court has denied [Wong's] motion for leave to file late, [Wong's TCPA] motion to dismiss is filed after the statutory deadline." The trial court found that the "motion is not well taken and is frivolous." The trial court again found that, because "the motion was not well taken" and because Appellees' counsel was forced "to expend a great deal of time and effort to respond," it was "proper" to award Appellees attorney's fees of $14,000.

*Jurisdiction*

As a threshold matter, we must address Appellees' motion to dismiss this appeal for lack of jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) ("[A] court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided."). Appellees argue that this court does not have jurisdiction over an interlocutory appeal from an order in which the trial court denies a motion for leave to file a TCPA motion to dismiss.

Appellate courts have jurisdiction over interlocutory orders only when that authority is explicitly granted by statute. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). A party may file an interlocutory appeal from an order in which the trial court denies a TCPA motion to dismiss. Civ. Prac. & Rem. §§ 27.008(b); 51.014(a)(12). The trial court signed an order in which it denied Wong's TCPA motion to dismiss, and we have jurisdiction over Wong's interlocutory appeal from that order. *D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 441 (Tex. 2017). We may also address rulings by the trial court in the same order on ancillary issues such as whether the trial court erred when it awarded attorney's fees. *Id.* at 442.

We deny Appellees' motion to dismiss this appeal for lack of jurisdiction.

*Analysis*

In his first issue, Wong argues that the trial court erred when it denied, and made findings of fact related to, the motion to dismiss.

A party triggers the TCPA's dismissal procedure when it files a motion to dismiss. Civ. Prac. & Rem. §§ 27.003(a), .005(b). The TCPA requires that the motion be filed no later than the sixtieth day after the date of service of the legal action. *Id.* § 27.003(b). "A party who fails to timely file a TCPA motion to dismiss forfeits the protections of the statute." *Kinder Morgan SACROC, LP v. Scurry Cty.*, 589 S.W.3d 889, 896 (Tex. App.—Eastland 2019, pet. filed). However, if good

6

cause is shown, the trial court may extend the time to file a motion to dismiss. CIV. PRAC. & REM. § 27.003(b).

Wong does not challenge the trial court's denial of the motion to extend time to file the motion to dismiss. Rather, he argues (1) that the motion to dismiss was expressly subject to the motion to extend time and (2) that, after the trial court denied the motion to extend time, the motion to dismiss was not properly before the trial court. Wong, however, waived any objection to the trial court's consideration of the motion to dismiss. Therefore, we express no opinion on whether a TCPA motion to dismiss that is filed "subject to" a motion to extend time becomes essentially "unfiled" if the trial court denies the motion to extend time.

Generally, to preserve error, a party must make a timely objection in the trial court and must specifically state the legal basis for the objection. TEX. R. APP. P. 33.1(a)(1). A party may waive a claim that a motion is "subject to" another pleading or motion when it does not treat that motion as subject to the other pleading or motion. *Global Paragon Dallas, LLC v. SBM Realty, LLC*, 448 S.W.3d 607, 615 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (concluding that the defendant waived its special appearance when it obtained a ruling on its motion for new trial before it obtained a ruling on its special appearance because, although motion for new trial stated that it was subject to the special appearance, the defendant did not treat the motion as subject to the special appearance).

On June 13, 2019, Wong filed a combined motion to extend time and motion to dismiss. The TCPA required that the trial court hold a hearing on the motion to dismiss within ninety days after service of the motion. CIV. PRAC. & REM. § 27.004(a). The trial court set the combined motion for hearing on September 11, 2019, the ninetieth day after Wong filed the combined motion. At the beginning of the hearing, the trial court noted that there was a potential problem with notice of the hearing and asked Appellees' counsel if she would agree to proceed on the

7

Chapter 27 "motions." Wong did not object that the trial court could consider only the motion to extend time. During the hearing, Appellees requested that the "motion" be denied as untimely—an argument that could relate only to the motion to dismiss. Wong did not object that the trial court could consider the motion to dismiss only after it ruled on the motion to extend time.

We hold that Wong waived any claim that the motion to dismiss was "subject to" the motion to extend time. Therefore, after the trial court denied the motion to extend time, it had the authority to deny Wong's filed motion to dismiss on the ground that the motion was untimely. *See Kinder Morgan*, 589 S.W.3d at 896, 900 (holding that trial court properly denied motion to dismiss when it was not filed within statutory timeframe); *Jordan v. Hall*, 510 S.W.3d 194, 199 (Tex. App.—Houston [1st Dist.] 2016, no pet.). We overrule Wong's first issue.

In his third issue, Wong asserts, alternatively, that the trial court's order on the motion to dismiss, findings related to that order, and award of attorney's fees to Appellees indicate that the trial court ruled on the merits of the motion to dismiss. Wong then argues that the trial court erred when it denied the motion to dismiss because the TCPA applies to Appellees' claims and because Appellees failed to meet their burden to establish a prima facie case for each essential element of their claims. However, the trial court expressly denied the motion to dismiss on the ground that it was untimely, not on the merits of the motion. *See Kinder Morgan*, 589 S.W.3d at 896, 900; *Jordan*, 510 S.W.3d at 197, 199. We overrule Wong's third issue.

In his second issue, Wong complains that the trial court erred when it awarded Appellees attorney's fees because there is no statutory basis for the award and because Appellees failed to produce sufficient evidence to support the amount of fees awarded. We review the trial court's decision to award attorney's fees under the TCPA for an abuse of discretion. *Caliber Oil & Gas, LLC v. Midland Visions 2000*, 591 S.W.3d 226, 242 (Tex. App.—Eastland 2019, no pet.). "A trial court

abuses its discretion when it acts arbitrarily or unreasonably or without regard to guiding principles." *Id.* at 242–43; *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

"[T]o secure an award of attorney's fees from an opponent, the prevailing party must prove that: (1) recovery of attorney's fees is legally authorized, and (2) the requested attorney's fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally for its losses resulting from the litigation process." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019). Appellees requested an award of attorney's fees pursuant to Section 27.009(b) of the TCPA. Section 27.009(b) authorizes a trial court to award court costs and reasonable attorney's fees to the nonmovant if it finds that "a motion to dismiss filed under this chapter is frivolous or solely intended to delay." CIV. PRAC. & REM. § 27.009(b). A motion to dismiss is frivolous if it does not have a basis in law or in fact and lacks a legal basis or legal merit. *Caliber Oil & Gas*, 591 S.W.3d at 243.

The trial court did not reach the merits of the motion to dismiss and did not make any findings that would support a ruling that the motion to dismiss did not have a basis in law or in fact and lacked a legal basis or legal merit. Rather, the trial court found that the motion to dismiss was "not well taken" and frivolous "[b]ecause there was no good cause for the late filing" of the motion to dismiss and because it had denied the motion to extend time. The trial court also found that the motion to extend time was frivolous and made findings of fact to support that determination. The trial court, therefore, awarded attorney's fees to Appellees based on a finding that the motion to extend time was frivolous. The TCPA, however, does not authorize an award of attorney's fees to the nonmovant on the basis that a motion to extend time is frivolous. *See* CIV. PRAC. & REM. § 27.009(b).

Appellees also argue that the trial court could have properly awarded attorney's fees as sanctions pursuant to Rule 215 of the Texas Rules of Civil Procedure or based on equitable principles. Appellees, however, sought to recover fees based solely on Section 27.009(b) of the TCPA, and neither the record nor the trial court's order reflect that the trial court awarded attorney's fees under Rule 215 or based on equitable principles. Therefore, we cannot affirm the award of attorney's fees as either a sanction or an equitable award of fees. *See Stewart Auto. Research, LLC v. Nolte*, 465 S.W.3d 307, 311 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding that award of attorney's fees based on statute could not be upheld as a sanction or equitable award of fees where "[t]here is no indication in the record that the trial court made an equitable award of attorneys' fees or that it awarded fees as sanctions"); *Polansky v. Berenji*, 393 S.W.3d 362, 369–70 (Tex. App.—Austin 2012, no pet.) (holding that trial court abused its discretion to the extent that it awarded attorney's fees on a rule or statutory basis that was never asserted by the defendant and for which there was no supporting evidence).

We hold that the trial court abused its discretion when it awarded attorney's fees to Appellees under the TCPA on the ground that the motion to extend time was frivolous. We sustain Wong's second issue, reverse the trial court's award of attorney's fees to Appellees, and render judgment that Appellees take nothing on their request for attorney's fees pursuant to Section 27.009(b) of the TCPA.

Finally, Appellees have requested that this court find Wong's appeal frivolous and award Appellees just damages pursuant to Rule 45 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 45. We deny Appellees' request.

*This Court's Ruling*

We deny Appellees' motion to dismiss this appeal for lack of jurisdiction and Appellees' request for just damages under Rule 45 of the Texas Rules of Appellate Procedure. We reverse the trial court's award of attorney's fees to Appellees and

render judgment that Appellees take nothing on their request for attorney's fees pursuant to Section 27.009(b) of the TCPA. We affirm the trial court's order in all other respects.

JIM R. WRIGHT

SENIOR CHIEF JUSTICE

April 16, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.